

**Fox Rothschild** LLP
ATTORNEYS AT LAW

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

JOHN A. WAIT
Direct Dial: 212-878-7907
Email Address: jwait@FoxRothschild.com

March 19, 2018

**BY ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Edward Painter v. Turing et al.
      **2:17-07558 (CBA)**

Dear Judge Amon:

We represent defendant Vyera Pharmaceuticals, LLC fka Turing Pharmaceuticals, LLC ("Vyera") in the above-referenced matter. As provided for in Your Honor's Individual Practices, we write to advise the Court of our intention to file a motion to dismiss the Complaint as to Vyera under Fed.R.Civ.P. 12(b)(6), and to request a pre-motion conference. The basis for the motion is that the claims Edward Painter ("Mr. Painter") alleged in the Complaint are barred under the express terms of his Employment Separation Agreement And Releases ("Separation Agreement") with Vyera. (A copy of the Separation Agreement is attached as Exhibit "A"). Further, if the Court were to conclude that the claims are not barred by the Separation Agreement, then the Court should still dismiss the Complaint because the claims would then be subject to the mandatory arbitration provision contained in Mr. Painter's Employment Contract.

**The Complaint Is Barred Under The Separation Agreement**

Mr. Painter was employed by Vyera as a Director of Investor Relations under an Employment Contract dated June 6, 2015. (Mr. Painter attached a copy of his Employment Contract to his Complaint as Exhibit "A." A copy of the Employment

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida   Illinois
Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas   Washington

54380596



Contract is attached here as Exhibit "B" for ease of reference). Following the termination of his employment, Mr. Painter and Vyera entered into a Separation Agreement dated October 10, 2017. Under the Separation Agreement, Mr. Painter and Vyera each released all claims against the other arising from or in any way related to Mr. Painter's employment. *See* Separation Agreement, Sections 4(a) and 8.

On December 28, 2017, Mr. Painter filed the Complaint. In the Complaint, Mr. Painter purports to "redress violation of the terms, conditions and privileges of employment of Plaintiff by the Defendants." *See* Complaint, ¶ 1. Mr. Painter alleges various purported promises made to him during the course of his employment and his causes of action all clearly relate to his employment. *See* Causes of Action Nos. 1, 4 and 6 (seeking damages for loss of employment); Causes of Action Nos. 2, 3, and 5 (alleging breach of the Employment Contract and breach of covenants and duties allegedly arising from the Employment Contract. These are precisely the types of claims Mr. Painter released when he entered into the Separation Agreement.

As set forth in Section No. 4, Subsection (a) of the Separation Agreement, Mr. Painter agreed that in exchange for a Separation Payment of $100,000.00 (less withholdings and deductions) he would:

> . . . agree to forever release, acquit, and discharge Turing and all its subsidiaries, affiliates, divisions and its and their present and past employees, officers, directors and shareholders and its and their predecessors, successors and assigns (collectively "Releasees") from and against all claims, actions and causes of action (collectively the "claims"), of every kind, nature and description, which exist as of the date you sign this Separation agreement, arising out of or related to your employment and the termination thereof, all claims arising under all federal, State and local discrimination statute, including but not limited to …

In exchange for the Separation Payment, Mr. Painter agreed that he would not file any lawsuit related to his employment at Turing, the terms and conditions of his employment, the termination of his employment, or any other waived claim. *See* Separation Agreement, Section 5, Subsection (a). Mr. Painter further agreed that if such a suit is filed: "it shall be dismissed with prejudice upon presentation of this Separation Agreement and you shall reimburse Turing for the costs, including attorney's fees and costs, of defending any such action." *Id*.

Vyera has repeatedly requested in writing that Mr. Painter honor the terms of the Separation Agreement by promptly dismissing the Complaint with prejudice. Mr.

2



Painter, through counsel, has declined to dismiss the Complaint. A release "that is clear on its face constitutes a complete bar to an action on a claim that is the subject of the release." *Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2nd Cir. 2007); *Sodhi v. Mercedes Benz Fin. Servs., USA, LLC*, 957 F. Supp. 2d 252, 256 (E.D.N.Y. 2013) (granting 12(b)(6) motion to dismiss based on settlement agreement). This Court should therefore find that the Separation Agreement is fully enforceable and dismiss Mr. Painter's claims with prejudice.

**In The Alternative The Claims Are Subject To Mandatory Arbitration**

If the Court were to conclude that the Separation Agreement does not bar Mr. Painter's claims, then it should nevertheless dismiss the Complaint because the claims would then be subject to a mandatory arbitration provision contained in Mr. Painter's Employment Contract. Section 15(b) of the Employment Contract is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) ("FAA") and requires the parties to submit any dispute arising out of or related to the Employment Contract to binding arbitration. *See* Employment Contract (Exhibit "B"), Section 15(b).

The Federal Arbitration Act ("FAA") provides that an arbitration clause "shall be valid, irrevocable, and enforceable save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2; *Powers v. Fox Television Stations, Inc.*, 923 F. Supp 21 (S.D.N.Y. 1996). The purpose of the FAA is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). In light of the FAA's purpose, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 626 (1985), and ambiguities as to the scope of an arbitration agreement are to be resolved in favor of arbitration. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995).
The Court should therefore dismiss the claims of Mr. Painter because they are subject to mandatory arbitration.

For these reasons Vyera respectfully requests that the Court schedule a pre-motion conference.

54380596



We thank the Court for its time and attention to this matter.

> Respectfully submitted,
>
> FOX ROTHSCHILD LLP
>
> /s/ John A. Wait
> John A. Wait
> *Attorneys for defendant Vyera Pharmaceuticals, LLC*

54380596