**LALLY & MISIR, LLP**
ATTORNEYS AT LAW - SOLICITORS
THE NASSAU BUILDING
220 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501
www.lallymisir.com

Telephone (516) 741-2666

Facsimile (516) 742-8533

May 1, 2018

**BY ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Edward Painter v. Turing et al.
Case #: 1:17-CV-07558

Dear Judge Amon:

We represent the plaintiff Edward Painter in the above-referenced matter. We write in response to Defendant's claims in their pre-motion conference request. The action should not be dismissed for the following reasons.

**Background**

The Plaintiff's claims concern a stock fraud perpetrated by Defendant Martin Shkreli and his companies Turing Pharmaceuticals AG and Turing Pharmaceuticals, LLC (now Vyera LLC).

Mr. Shkreli is the notorious "Pharma Bro" convicted in 2017, of stock fraud and sentenced to seven (7) years in Federal prison.

Mr. Shkreli has justifiably earned a reputation for fraud and contempt for the law—while under indictment he placed a bounty for some of United States Senator Hilary Clinton's hair, so that he could "clone" and implant a human embryo with her DNA. The U.S. District Court rightfully jailed him as a "threat" to public safety.

Mr. Shkreli hired the Plaintiff, Mr. Painter, then defrauded him of two-hundred seventy-five thousand dollars ($275,000)—Mr. Painter and his family's life savings—as an "investment" in

1

this Defendant Turing.

## The Separation Agreement is Invalid

The action should not be dismissed on the basis of Mr. Painter's Employment and Separation Agreement and Releases ("Separation Agreement") with Vyera, because Mr. Painter was represented by counsel, and Defendants deliberately circumvented counsel of a represented party.

Rule 4.2(a) of the New York Rules of Professional Conduct (NYRPC) provides that "a lawyer shall not communicate about the subject of a representation with a party" who the lawyer "knows to be represented by another lawyer in the matter" unless the lawyer has the consent of the other lawyer or the contact is "authorized to do so by law." NYRPC Rule 4.2(a).

Defendants knew that Mr. Painter was represented by counsel on October 22, 2018. These actions are grossly unethical. We never consented to this contact therefore the "Separation Agreement" (which might well be a forgery) is null and void and should not bar this action. Further, the arbitration clause Defendant's cite also does not apply, since this is a deliberate fraud, and includes a party – Mr Shkreli – not a party to any arbitration clause.

## Defendant's Counsel Have a Fatal Conflict of Interest

Defense counsel does not represent Turing Pharmaceuticals, LLC ("Turing LLC") because Mr. Shkreli was a majority shareholder in the company, and by Order of the U.S. District Court Judge (SDNY), entered earlier this year, all shares of Mr. Shkreli investment in Turing were forfeit to the United States government.

Mr. Shkreli was convicted of three counts of securities and wire in August 2017.

Where is Defendant's new owner's authentication for attorneys Fox Rothschild to make this application?

NYRPC Rule 1.13(a) provides as follows:

When a lawyer employed or retained by an organization is dealing with the organization's directors, officers, employees, members, shareholders or other constituents, and it appears that the organization's interests may differ from those of the constituents with whom the lawyer is dealing, the lawyer shall explain that the lawyer is the lawyer for the organization and not for any of the constituents.

The member-managed Turing LLC, without their majority shareholder, has not approved or elected to continue their representation of Mr. Shkreli since he is also being sued as an individual.

Alexandra L. Sobol of Fox Rothschild, LLP is currently on the record as the attorney for Mr. Shkreli and Turing Pharmaceuticals, LLC. She is co-counsel and works for the same firm as John

A. Wait who submitted the initial request for a pre-motion conference dismiss. Since Mr. Shkreli is no longer a shareholder of Turing LLC, Ms. Sobol has no authority to represent Turing LLC and Mr. Shkreli.

For the reasons above, Defendants have no basis for a motion to dismiss.

Respectfully Submitted,

Grant M. Lally
*Attorneys for Plaintiff Edward Painter*

3