UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDWARD PAINTER

         Plaintiff,

  -against-              Index No.: 1:17-cv-07558

TURING PHARMACEUTICALS, LLC a/k/a VYERA
PHARMACEUTICALS, LLC, and MARTIN SHKRELI

         Defendant(s),
-------------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISQUALIFY FOX ROTHSCHILD AS DEFENDANT TURING'S COUNSEL

Grant M. Lally/Deborah N. Misir
Lally & Misir, LLP
220 Old Country Rd.
Mineola, NY 11501
(516) 741-2666
*Attorney for the Plaintiff,*
*Edward Painter*

John A. Wait/Alexandra L. Sobol
Fox Rothschild, LLP
100 Park Avenue, 15th Floor
New York, NY 10017
(212) 878-7900
*Attorneys for Defendants*
*Turing Pharmaceuticals &*
*Martin Shkreli*

July 20, 2018

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT......................................................................................3

ARGUMENT
    I. Defendant's Counsel has created a per se conflict and has an independent professional duty not to continue representation of conflicted parties with differing interests..................................................................................3

    II. Any waiver of Defendant Turing's right to separate and conflict-free representation must be "knowing and intelligent" and may be rejected by the Court............................................................................................5

    III. The Declaration by Defendant employee, Anne Kirby is not sworn to, nor is she a member of the Board; therefore Mr. Shkreli's representation is still not authorized.........................................................................................6

    IV. The Employment Agreement does not control the causes of action for fraud or conversion and therefore Plaintiff does not have to arbitrate his claims................................................................................................7

    V. The Separation Agreement is not controlling..........................................8

CONCLUSION............................................................................................10

## PRELIMINARY STATEMENT

Plaintiff, Edward Painter ("Plaintiff") hereby submits this reply memorandum in further support of the Plaintiff's Motion to Disqualify Fox Rothschild, LLP ("Fox Rothschild") as counsel for Defendant Turing Pharmaceuticals a/k/a Vyera Pharmaceuticals ("Turing").

Judge Carol Bagley Amon, gave leave for the Plaintiff to file this Motion to Disqualify Defendant's counsel, due to concerns about a fatal conflict of interest in counsel attempting to represent both Defendants Shkreli and Turing in the present action.

## ARGUMENT

**I.   Defendant's Counsel has created a per se conflict and has an independent professional duty not to continue representation of conflicted parties with differing interests.**

Fox Rothschild counsel John A. Wait submits an Affirmation to this Court, stating that Fox Rothschild will <u>not</u> pursue any cross claims between Defendants Martin Shkreli and Turing. (See Wait Affidavit, §2).

Such a representation—when existing information and pleadings already demonstrate a glaring conflict of interest between the Defendants, is an admission of a "per se conflict." (See *Cardoza v Rock*, 731 F3d 169, 183 (2d Cir 2013).

As a partner of Fox Rothschild, LLP, and a fiduciary to the corporation Turing and its shareholders as their outside counsel, Mr. John A. Wait has created a per se conflict when he signed his Affirmation stating that he would not pursue any cross claims on behalf of Turing, as against his other client, Mr. Shkreli. Such statement is an admission that Fox Rothschild will not pursue legitimate claims of Defendant Turing against Shkreli, and will waive and subsume the interests of Defendant Turing to their other client, Defendant Martin Shkreli.

3

An Attorney has an independent professional duty not to "continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests..." ABA Disciplinary Rule 5-105(b) (*See United States v. Curcio*, 694 F.2d 14, 28 (2d Cir 1985)).[1]

New York Professional Rules of Conduct ("NYPRC") Rule 1.13(a) provides as follows:

> When a lawyer employed or retained by an organization is dealing with the organization's directors, officers, employees, members, shareholders or other constituents, and it appears that the organization's interests may differ from those of the constituents with whom the lawyer is dealing, the lawyer shall explain that the lawyer is the lawyer for the organization and not for any of the constituents.

Here, Defendant counsel represents two parties who have an actual, current conflict of interest.

The United States Court of Appeals for the Second Circuit has made clear that an attorney's conflicts are ordinarily imputed to the firm based on the presumption that "associated" attorneys share client confidences. See *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005).

The Defendant, Martin Shkreli, stole from both Plaintiff, Edward Painter, and Defendant Turing. He is the fired, former CEO of Defendant Turing. He is a convicted felon for stock fraud.

---

[1] The Model Rules of Professional Conduct Rule 1.7 similarly states that: (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

## II. Any waiver of Defendant Turing's right to separate and conflict-free representation must be "knowing and intelligent" and may be rejected by the Court.

Defendant, Martin Shkreli's counsel, Fox Rothschild, claims that they have conflict waivers, but then fails to produce them, and fails to plead or show that Defendant Turing wishes to waive the conflict.

Before accepting a party's waiver in the case of conflict, the Court must advise the party of the dangers arising from the conflict, encourage the party to seek advice from independent counsel, and then determine whether the party understands the dangers of proceeding with conflicted counsel and knowingly and intelligently chooses to continue with the representation in spite of the conflict. See *Curcio*, at 24-25 (See also *United States v. Bernstein*, supra, 533 F.2d at 788; See also *Faretta v. California*, supra, 422 U.S. at 834, United States Court of appeals stating that Faretta was "highly relevant" to the analysis).

Trial courts "retain discretion to reject a defendant's knowing and intelligent waiver when his attorney's conflict jeopardizes the integrity of judicial proceedings." See *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003).

Here, the Defendant Martin Shkreli is attempting to compromise the legal representation of the Defendant Turing, and prevent any defenses or cross claims by Turing against him, by controlling Turing's legal counsel.

Mr. Shkreli stole millions from Defendant Turing (See Edward Painter Affidavit), including a scheme to steal the "Savant Deal" from Turing and transferring it to Shkreli's other businesses, while stiffing the Plaintiff on his commission. That is a per se conflict of interest.

Failure to disqualify Fox Rothschild will forever taint these judicial proceedings. What would this Court say to the majority owners of Turing the actual owners of Turing when they

5

finally regain control of their corporation. Will this Court then waive and reverse all the pleadings, releases, waivers, or stipulations made by Fox Rothschild, for compromising Turing's defenses, while representing both Mr. Shkreli and Turing?

### III. The Declaration by Defendant employee, Anne Kirby is not sworn to, nor is she a member of the Board; therefore Mr. Shkreli's representation is still not authorized.

Defendants attach to their brief in opposition a "Declaration" signed by Anne Kirby, who claims to be the Chief Operations Officer of Turing. This Declaration is not notarized, nor sworn to, and not valid. Mr. Painter was a senior employee and a Board director of Turing for a substantial portion of 2015, 2016, and 2017, and has never heard of Ms. Kirby.

Ms. Kirby was never present for any of the events she purports to have knowledge about and nowhere in her "Declaration" does it state that the CEO or the Turing Board have approved of Turing's representation by Mr. Shkreli's attorneys. Ms. Kirby merely states—in the passive voice—that her unsworn Declaration is "authorized by" some unknown person.

Furthermore, Ms. Kirby's title as per her business LinkedIn page, is Director of Trade & Distribution at Turing, since December 2016. Ms. Kirby is listed nowhere on Defendant Turing's corporate website. The only corporate office of Defendant Turing is in New York. Ms. Kirby is an Ohio resident. (See, Kirby LinkedIn page attached as Exhibit "D").

Ms. Kirby does not appear to have any authority from the Turing's Board of Directors to approve of Fox Rothschild's representation, and cannot even attest to papers filed with this Court. The "Declaration" filed by Defendants counsel should be disregarded.

No Officer or Directors of Turing's Board have issued any sworn statements in the present case. A waiver must be "knowingly and intelligent." There is no showing—and by

anecdote a lot of evasion and qualification—about Turing authorizing Martin Shkreli's attorneys, Fox Rothschild, to represent Turing.

Why have a brand-new, junior, out-of-state employee issue an unsworn "declaration" to the Court—not under oath, and with no attestation? This submission of such a document should be deemed a nullity—and an insult to this Court.

A conflict waiver by a party must be "knowing and intelligent." Here, that clearly does not exist.

Why did the Board of Turing not issue a conflict waiver? Why did the CEO not sign one? Could it be that they do not want to authorize a conflicted representation by Fox Rothschild for which the majority owners of Turing could later sue them? Obviously the outgoing leadership of Turing is as conflicted as its present counsel.

### IV. The Employment Agreement does not control the causes of action for fraud or conversion and therefore Plaintiff does not have to arbitrate his claims.

Plaintiff cites the Employment Agreement claiming that parties should be bound by an arbitration provision; however said Agreement does not control this action.

The Plaintiff's claims are grounded in fraud and conversion and are not subject to any agreement. The claims are torts, actionable directly before a Court. See *Interstate Brands Corp. v Bakery Drivers & Bakery Goods Vending Machs., Local Union No. 550*, 1998 US Dist LEXIS 21596, 9 (EDNY Jan. 20, 1998, 96 CV 4454 (SJ)); See also *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 689 L. Ed. 2d 648, 106 S. Ct. 1415 (1986); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960).

In addition, such issues are not relevant nor germane to this Motion to Disqualify the firm of Fox Rothschild for a clear conflict of interest.

7

V.     The Separation Agreement is not controlling.

Attorneys for the Defendants Mr. Shkreli and Turing make the argument that they should not be disqualified for a conflict of interest, because of a "Settlement Agreement" they claim was made with Plaintiff. Defendant's counsel's arguments regarding same are both specious and not germane to this application to disqualify.

**(a) The "Agreement" is not signed.**

First, the alleged Settlement Agreement is not fully executed. The signature of the Defendant is "blank," and the draft submitted by Defendants is not consistent with anything that the Plaintiff knowingly signed. An unexecuted "agreement" is not enforceable, and not binding until both parties have agreed to the terms and intend to be bound by the agreement. (See *Sprint Communs. Co. L.P. v Jasco Trading, Inc.,* 5 F Supp 3d 323, 341 (EDNY 2014); See also *Winston v Mediafare Entertainment Corp.*, 777 F2d 78, at 80 )2d Cir 1985)).

**(b)     The "Agreement" is an unethical attempt by Defendant to circumvent counsel of a represented party.**

Second, any attempt by Defendant counsel to procure a "Settlement Agreement" from Plaintiff—would be an ethical violation of Rule 4.2(a) of the New York Rules of Professional Conduct (NYRPC)—by Defendant counsel deliberately circumventing counsel for a "represented party."

Rule 4.2(a) provides that "a lawyer shall not communicate about the subject of a representation with a party" who the lawyer "knows to be represented by another lawyer in the matter" unless the lawyer has the consent of the other lawyer or the contact is "authorized to do so by law." NYRPC Rule 4.2(a).

8

The Plaintiff, Edward Painter, was a "represented party," having made a demand, through counsel, to Defendant Turing in September 2016; Defendants counsel was negotiating with Plaintiff's counsel, and Defendant's counsel knew that Mr. Painter was represented by counsel on October 22, 2018 when the supposed Settlement Agreement is dated.

Plaintiff's counsel never consented to Defendant's counsel circumventing his representation and dealing directly with the Plaintiff. Therefore the "Separation Agreement" (which might well be a forgery) is null and void and not a bar to this action.

**(c)     There is nothing in the "Separation Agreement" to have actions for fraud and conversion.**

Third, the arbitration clause on the alleged Settlement Agreement, also does not apply against a deliberate fraud and conversion not a party to said agreement. The purported agreement would also not cover illegal action by a third party—Defendant Martin Shkreli.

Plaintiff filed causes of action for (1) securities fraud and conversion; (3) breach of implied covenant of good faith and fair dealing; (4) fraud and misrepresentation; (5) negligent misrepresentation; and (6) breach of fiduciary duties. These causes of action would not be barred by any "arbitration clause," as stock fraud and conversion are not normal aspects of "employment."

**[INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Disqualify Fox Rothschild from representing the Defendant Turing, and such other and further relief as to this Court seems just, proper, and equitable.

Respectfully Submitted,

_____
Grant M. Lally, Esq
*Attorneys for Plaintiff*
*Edward Painter*

10