UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
EDWARD PAINTER

                                  Plaintiff,          Index No.: 1:17-cv-07558
                                                     **AFFIDAVIT IN SUPPORT**
                -against-                                 **OF BRIEF TO**
                                                      **DISQUALIFY**
                                                       **ATTORNEYS**

TURING PHARMACEUTICALS AG, TURING
PHARMACEUTICALS, LLC a/k/a VYERA
PHARMACEUTICALS, LLC, and MARTIN SHKRELI

                                  Defendant(s),
-----------------------------------------------------------------------x

STATE OF NEW YORK  }
                            ss
COUNTY OF _NASSAU_  }

Edward Painter, being duly sworn, deposes and says:

1. That your deponent is the Plaintiff in the above action, and I make this Affidavit in further Support of my Motion to Disqualify the law firm of Fox Rothschild, LLP from serving as counsel to both Defendant Turing Pharmaceuticals, a/k/a Vyera Pharmaceuticals, ("Turing"), and the Defendant Martin Shkreli, who is the fired, former CEO of Turing, and now an inmate in federal prison, convicted of multiple counts of felony stock fraud..

2. That I served as a senior employee and a member of the Board of Directors of Turing during significant portions of 2015, 2016 and 2017.

3. I was defrauded into investing over two hundred and seventy-five thousand dollars ($275,000.00) of my family's savings into Turing, in a stock scam perpetrated by the Defendant Martin Shkreli.

4. I was also defrauded – and Defendant Turing was defrauded – by Shkreli when he took an exclusive right to make and distribute a valuable pharmaceutical—a deal I originated

1

("the Savant Deal") – for which I was contracted to receive 5% commission on sales). Shkreli gave the distributorship to another and unrelated company personally owned and controlled by him – KaloBios, Inc. – for no consideration.

5. Shkreli literally "stole" a million dollar drug distributorship from Turing – one that I originated – and gave to himself – defrauding the owners and investors in Turing (including myself).

6. I have brought this proceeding to get my investment back and for payment on the Savant Deal.

7. That the Defendants' law firm, Fox Rothschild, cries that it should not be disqualified from representing both Mr. Shkreli and Turing, claiming that the conflicts between Shkreli and Turing are "speculative." Nonsense.

8. Mr. Shkreli defrauded Turing—he was fire as its CEO - in 2016.

9. Mr. Shkreli then took back control over Turing using an artificial "voting shares" boost to his then 24% minority share ownership in 2017, and ousted the "disloyal" executives who had fired him.

10. In 2018 Shkreli was ordered by this Court to forfeit all his stock ownership in Turing. This order was temporarily stayed by the Second Circuit, pending Shkreli's appeal of his felony criminal convictions.

11. There is nothing "speculative" about the conflicts between Turing, and the now convicted felon/federal inmate Martin Shkreli.

12. Respondent law firm Fox Rothschild has engaged in grossly unethical conduct towards me – and is engaging in grossly unethical conduct by assisting a convicted felon to further defraud the Defendant Turing, by getting Turing to fund Shkreli's defense, and

preventing Turing from filing any Cross-Claims against the fraudulent and thieving conduct of its former CEO – which any ethical counsel would advise Turing to do.

13. I have my own personal dealings with the unethical behavior of Fox Rothschild and its counsel Scott Vernick.

14. In 2017, I was asked to return to Turing to serve on its Board of Directors to assist in stabilizing the company after Defendant Shkreli's criminal arrest and revocation of his bail as a "public danger" after he publicly posted a "bounty" to whomever could take a strand of former US Senator Hillary Clinton's hair from her, so that Shkreli could then "clone" her and make a baby with the exact genetic code of Hillary Clinton.

15. Shkreli apparently fancied himself as Dr. Frankenstein, using ghoulish methods to violate other people's rights.

16. Prior to returning to Turing, I had made a formal Demand – through counsel – for return of my family's of $275,000, and for my commission on the Savant Deal.

17. My counsel, Lally & Misir – the counsel representing me in this action – contacted Turing's counsel, and made formal demand on its executive officers. (See Demand Letter from Lally & Misir, dated May 20, 2016 attached as Exhibit "B" and Demand Letter dated September 26, 2017, attached as Exhibit "C").

18. That rather than negotiate with my attorneys, the respondent Fox Rothschild decided that talking to my attorneys was "inconvenient" and contacted me directly.

19. Attorney Scott Vernick of Fox Rothschild and Kevin Mulleady of Turing offered me $100,000 to settle my "employment" claims. The substance of my employment claims were that Turing had not paid me the $50,000 severance fee set forth in my prior employment contract, and other sums for accrued personal and bonus pay, which Turing never paid.

20. Mr. Vernick and I also discussed - and Mr. Vernick agreed - that my stock investment claims fraud claims, and my claims for the Savant Deal, were "separate" and would "not" be waived by any settlement of my prior employment compensation claims.

21. Now, of course, Fox Rothschild trickily and deceptively claims the opposite.

22. But worse is the fact that Fox Rothschild attorneys knew that I had counsel – I was a "represented party" - and Fox Rothschild deliberately chose to circumvent my attorneys, and then lied to me about their intentions. (See NYRPC Rule 4.2(a))

23. I am advised that it is grossly unethical for an attorney to attempt to circumvent the attorneys of a represented party and then contact that represented party directly to try to trick them.

24. The unethical conduct of Fox Rothschild is a fraud upon our constitutional right to counsel.

### The "Settlement Agreement"

25. Respondent, Fox Rothschild, claims that their disqualification should be denied, because of an unsigned "Separation Agreement." There is no Settlement Agreement as to my claims in this action.

26. I have never received an executed copy by Turing nor is the unexecuted attached Settlement Agreement binding on me or on my claims.

27. Defendants knew I had an attorney. I did not waive my representation, of counsel, at any point. The attorneys at Lally & Misir, LLP have represented me since May 2016.

28. Defendants simply attach the unexecuted "Settlement Agreement" to this action— they do not submit a fully executed agreement because there wasn't any.

### Anne Kirby Declaration

29. The Defendants also attach a "Declaration" of Anne Kirby, who claims to be Turing's COO, and breezily asserts incorrect facts. Tellingly, the "Declaration" is not sworn to and there is no attestation. (See NY CPLR §2101 and §3021)

30. During my time as an employee and a Board director of Turing in 2015, 2016, and 2017, I never heard of Ms. Anne Kirby who now purports to be the "Chief Operating Officer" of Turing.

31. Ms. Kirby was never present for any of the events she says she has knowledge about, nor was she a member of the Board during the length of my employment.

32. According to her LinkedIn, she lists that she is a Director of Trade & Distribution at Turing since December 2016. This is not a Chief Operating Officer, nor does she hold a seat on the Turing Board of Directors who must approve of Mr. Shkreli's dual representation with Turing. (See Exhibit "D")

33. Turing's corporate office is in New York. Ms. Kirby lives in Ohio. How exactly does a "COO" operate from a different city than the Turing corporate headquarters?

34. Ms. Kirby's Declaration does not even indicate who gave her the authorization to approve of Mr. Shkreli's representation. The document simply states she is "authorized" to submit this un-"sworn" Declaration.

35. She deliberately obfuscates who authorized her, no Turing Board members approved of Mr. Shkreli's dual legal representation with Turing.

36. During the pending of his criminal trial in 2016 until present, Mr. Shkreli placed "loyal" individuals in positions within Turing who would do his bidding.

37. The reason I left the Board in November 2017 was because I would not ratify a theft of corporate assets being attempted by Defendant Shkreli.

WHEREFORE, your Deponent respectfully requests that this Court grant this Motion toDisqualify Fox Rothschild from representing the Defendant Turing,and such other and further relief as to this Court seems just, proper, and equitable.

Dated: July 23 , 2018

_____
Edward Painter

Sworn to before me this
23 day of July, 2018

_____
Notary Public

GRANT M. LALLY
NOTARY PUBLIC, State of New York
No. 4959526
Qualified in Nassau County
Commission Expires November 27, 19__

6