**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EDWARD PAINTER,

      Plaintiff,

v.

TURING PHARMACEUTICALS, LLC a/k/a
VYERA PHARMACEUTICALS, LLC and
MARTIN SHKRELI,

      Defendants.

Case No. 1:17-cv-07558 (CBA) (LB)

**DECLARATION OF**
**SCOTT L. VERNICK, ESQ.**

   Scott L. Vernick, Esq. declares (as provided for in 28 U.S.C. § 1746) that the following statements are true and correct under penalty of perjury:

   1.  I am a partner in the law firm Fox Rothschild LLP, attorneys for Defendants Turing Pharmaceuticals, LLC a/k/a Vyera Pharmaceuticals, LLC ("Turing") and Martin Shkreli. I have personal knowledge of the facts and circumstances set forth herein.

   2.  I served as Turing's outside counsel with respect to the negotiations preceding the execution of the Separation Agreement between Turing and Plaintiff Edward Painter ("Mr. Painter").

   3.  On behalf of Mr. Painter, Turing received two demand letters from Grant Lally, Esq. The first letter, dated May 20, 2016, was addressed to Ron Tilles, then Interim Chief Executive Officer & Chairman of the Board of Turing. The second letter, dated September 26, 2016, was addressed to Eve Costopoulos, then Senior Vice President and General Legal Counsel of Turing. These letters are attached to Plaintiff's undated Declaration. At the time of these letters, Fox Rothschild did not represent Turing.

4.      In August 2017, over a year after Mr. Lally sent his demand letters to Turing, Mr. Painter, who had recently been elected to Turing's Board of Directors, demanded that Turing settle his purported claims against the company.

5.      At the time, Mr. Painter informed me that, as to settling his purported claims against Turing, he did not want to incur attorney's fees and, instead, that he would be consulting with his brother, Richard Painter, a lawyer.

6.      Any suggestion by Mr. Painter that he would not have the benefit of the advice of counsel, or that I somehow circumvented Mr. Lally when negotiating the Separation Agreement, is not true.

7.      On August 30, 2017, I e-mailed Mr. Painter to ask if he and his brother had time to speak on September 1, 2017.   In response, Mr. Painter replied, cc'ing his brother (rpainter@umn.edu), that they did have time to speak and noted that "we are preparing a law suit in the event that the agreement is not executed soon.  I have asked for the agreement to be sent." A true and correct copy of this exchange is attached hereto as Exhibit A.

8.      Later that day, I wrote to Mr. Painter to confirm that, in exchange for a $100,000 payment, Mr. Painter would "be providing [Turing] with a general release which will release [Turing] of ***any and all purported claims that [he] may have***."  Mr. Painter responded, "Yes. That is correct."  A true and correct copy of this exchange is annexed hereto as Exhibit B (emphasis added).

9.      Contrary to any suggestion by Mr. Painter, I did not state to him in words or substance that the release in the Separation Agreement would exclude a purported claim for securities fraud.  In fact, the e-mail exchange above demonstrates that, in his own words, Mr. Painter knew and understood that any release by him in favor of Turing would be broad and cover

"any and all purported claims" that he may have against Turing, not just claims directed to his "employment pay."

I declare under penalty of perjury that the foregoing is true and correct.

Scott L. Vernick, Esq.

December 5, 2018