

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

JOHN A. WAIT
Direct No:  212.878.7907
Email: JWait@FoxRothschild.com

March 6, 2019

**BY ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Edward Painter v. Turing, *et al.* - Civil Action No. 2:17-07558 (CBA)</u>

Dear Judge Amon:

This firm represents defendants Vyera Pharmaceuticals, LLC, fka Turing Pharmaceuticals, LLC ("Vyera"), and Martin Shkreli ("Shkreli") (collectively, "Defendants") in the proceedings referenced above.  Following the Court's directive at the conference on February 13, 2019, Defendants respectfully submit this letter in response to the amended complaint ("AC") filed by plaintiff Edward Painter ("Mr. Painter") on February 20, 2019 [D.E. 38].

Defendants reaffirm their request that the Court dismiss the AC because the broad and express release in Mr. Painter's Separation Agreement bars all of his purported claims.  Further, if it concludes that the Separation Agreement does not bar any individual claim, then the Court should nonetheless dismiss the AC because any such claim is subject to the mandatory arbitration provision in Mr. Painter's Employment Agreement.

In his AC, Mr. Painter omits some, but not all, of the references to his employment at Vyera that appeared in his original complaint.  Mr. Painter still alleges, however, that he "was told that, if he did not invest the funds, ***his job*** [at Vyera] ***would be in jeopardy***."  <u>See</u> AC at ¶ 36 (emphasis added).  Similarly, Mr. Painter seeks commissions and compensation that relate back to his employment at Vyera.  <u>See</u> AC at ¶ 74 (alleged loss of expected income, alleged loss of commission earned); ¶ 130 (alleged prospective commissions); ¶ 142 (alleged expected commissions); ¶ 149 (alleged loss of expected commissions).  As such, the claims in the AC therefore "aris[e] out of or relate[] to [his] employment and the termination thereof. . ." and the Court should dismiss them.  <u>See</u> Separation Agreement at Exhibit A to Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss [D.E. 36 at ¶ 4(a)].



March 6, 2019
Page 2

The Court should reject any argument by Mr. Painter that his purported claims arise from oral agreements (and not his Employment Agreement) because the Employment Agreement "supersedes any and all prior understandings, written or oral," and may only be amended "by an instrument in writing." See Employment Agreement at Section 13 (Exhibit A to Plaintiff's Complaint [D.E. 1]). In light of these restrictions, Mr. Painter could not rely on alleged oral agreements he entered into with Defendants before he signed his Employment Agreement because such any such agreements would be superseded by the Employment Agreement. Mr. Painter is also foreclosed from claiming he entered into enforceable oral agreements with Defendants after he signed the Employment Agreement because any such agreements would need to be in writing.

In addition to the arguments set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss [D.E. 35] and Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss [D.E. 36], Defendants respectfully submit the following additional points for the Court's consideration:

**I.    Despite His Representation To The Court, Mr. Painter Did Not Withdraw Any Of His Purported Claims.**

In his Opposition to Defendants' Motion to Dismiss, Mr. Painter stated, "[f]urther, the alleged Separation Agreement may limit the Plaintiff's employment claims, but we are respectfully *withdrawing* those claims, and cross-moving this Court to allow us to amend our complaint." See Mr. Painter's Opposition to Defendants' Motion to Dismiss [D.E. 32 at 11] (emphasis added). Mr. Painter's statement is a departure from traditional procedure because Federal Rule of Civil Procedure 15(a)(2) requires Mr. Painter to file a motion to amend along with a proposed amended complaint. We are proceeding on the assumption that the Court permitted Mr. Painter to file an amended complaint without any prior judicial review because Mr. Painter represented that the purpose of the amended pleading was to *withdraw* certain employment-related claims.

But, in his AC, Mr. Painter does not withdraw any claims. Instead, Mr. Painter only *adds* the following purported claims:

- a claim for securities fraud under Section 20(a) of the Securities Exchange Act;
- a claim for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act under 18 U.S.C.A. § 1962;
- three (3) separate breach of contract claims (although each alleges the same damages Mr. Painter previously alleged in the single breach of contract claim in his original complaint); and,
- a claim for unjust enrichment.



March 6, 2019
Page 3

Mr. Painter misled the Court (and Defendants) by representing that he was withdrawing certain claims when in reality he was adding new claims without permission to do so. As such, the Court should dismiss the AC. See Palm Beach Strategic Income, LP v. Salzman, 457 F. App'x 40, 43 (2d Cir. 2012) (affirming district court's dismissal of amended complaint where party had been directed to file amended complaint that pled facts to establish standing but instead identified new contract and pled new breach of contract claim); Grimes v. Fremont General Corp., 933 F.Supp.2d 584, 2013 WL 1187474, at *6 n. 5 (S.D.N.Y. 2013) (dismissing new causes of action pled in amended complaint where leave to amend had been granted only to replead Civil Rights Act claims).

**II.    Mr. Painter Cannot Evade Dismissal By Altering His Allegations On A Material Point.**

In his original complaint, Mr. Painter emphasized that his purported claims arose from his employment with Vyera. Indeed, in the first paragraph of his original complaint, Mr. Painter stated that he sought to "redress violation [sic] of the terms, conditions and privileges of employment of Plaintiff by the Defendants." See Complaint [D.E. 1 at 1]. Mr. Painter also attached his Employment Agreement as Exhibit A to his original complaint.

In the AC, Mr. Painter seeks to recover the same alleged damages but no longer contends that his claims are employment-related. Moreover, in his AC, Mr. Painter now omits all of his previous allegations concerning the details of his employment at Vyera. The Court should reject Mr. Painter's attempt to change his allegations on this material point. See Harris v. TD Ameritrade Inc., 338 F. Supp. 3d 170, 190 n. 18 (S.D.N.Y. 2018) ("Plaintiff cannot, of course, 'plead around' facts that she has already conceded by omitting them from an amended complaint (citation omitted), or by replacing them with different and inconsistent facts."); Rivera v. Doe, 2018 WL 1449538, at *5 (S.D.N.Y. Feb. 26, 2018) (Moses, M.J.) ("Nor is the court obligated to accept fresh factual assertions that contradict allegations previously made by the same plaintiff.").

**III.    Mr. Painter's Purported RICO Claim Fails Because It Is Based On Alleged Securities Fraud.**

In the AC, Mr. Painter asserts a purported RICO claim under 18 U.S.C. § 1964(c), which provides the following:

> Any person injured in his business or property by reason of a [RICO] violation ... may sue therefor ... and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. ***The exception contained in***



March 6, 2019
Page 4

> *the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud.*

18 U.S.C. § 1964(c) (emphasis added).

In support of his RICO claim, Mr. Painter contends that the so-called "conviction exception" (italicized and bolded above) applies to his alleged claim for securities fraud. This exception does <u>not</u> apply here and Section 1964(c) bars Mr. Painter's RICO claim because Shkreli's conviction has nothing to do with Vyera.[1] See <u>Kaplan v. S.A.C. Capital Advisors, L.P.</u>, 104 F. Supp. 3d 384, 391 (S.D.N.Y. 2015) (emphasis added) (noting that "RICO's criminal conviction exception is to be *narrowly construed* such that a defendant must have been criminally convicted of securities fraud encompassing the *specific plaintiffs filing suit* and the *specific fraudulent conduct to which the defendant's conviction relates*").

### IV.     Mr. Painter's Purported RICO Claim Fails For Additional Reasons.

Mr. Painter's RICO claim also fails because he does not sufficiently allege facts to support the existence of an "enterprise." See <u>U.S. v. Turkette</u>, 452 U.S. 576, 583 (1981) (in order to establish a RICO enterprise, a plaintiff must plead that the defendants are engaged in "an ongoing organization, formal or informal, . . . that . . . function[s] as a continuing unit."); <u>First Capital Asset Mgmt., Inc. v. Saintwood, Inc.</u>, 385 F.3d 159, 174-75 (2d Cir. 2004) (properly pled allegation of a RICO enterprise requires "solid information regarding the 'hierarchy, organization and activities' of [the] alleged association-in-fact enterprise . . . from which we could fairly conclude that its members functioned as a unit," and a showing that the structure of the enterprise is distinct and separate from the pattern of racketeering activity.).

Here, Mr. Painter's allegations are bare and conclusory as to the existence of an "enterprise" (as well as to all other elements necessary to state a RICO claim). See also <u>West 79th Street Corp. v. Congregation Kahl Minchas Chinuch</u>, No. 03 Civ. 8606 (RWS), 2004 WL 2187069, at *5 (S.D.N.Y. Sept. 29, 2004) (observing that "courts must be wary of putative civil RICO claims that are nothing more than sheep masquerading in wolves' clothing").

Accordingly, for these reasons, as well as those set forth in Defendants' Motion to Dismiss [D.E. 35, 36], Defendants respectfully request that the Court dismiss Mr. Painter's AC because

---

[1] See <u>USA v. Shkreli et al.</u>, Case No. 1:15-cr-00637 (KAM) (the federal government brought claims against Shkreli for securities fraud in connection with MSMB Capital, MSMB Healthcare and Retrophin). Indeed, Mr. Painter himself acknowledges this fact in his AC. See AC at ¶¶ 12-13.



March 6, 2019
Page 5

the express release language in the parties' Separation Agreement bars all of his alleged claims. Further, if the Court concludes that the Separation Agreement does not bar Mr. Painter's claims, then it should nevertheless dismiss the AC because the claims are subject to the mandatory arbitration provision in Mr. Painter's Employment Agreement. The Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) governs Section 15(b) of the Employment Agreement and requires the parties to submit any dispute arising out of or related to the Employment Agreement to binding arbitration. See Employment Agreement at Section 15(b) (Exhibit A to Plaintiff's Complaint [D.E. 1]).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

_____
John A. Wait
*Attorneys for Defendants*