

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

JOHN A. WAIT
Direct No: 212.878.7907
Email: JWait@FoxRothschild.com

April 12, 2019

**BY ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Edward Painter v. Turing,** *et al.* **- Civil Action No. 2:17-07558 (CBA)**

Dear Judge Amon:

      This firm represents defendants, Vyera Pharmaceuticals, LLC, fka Turing Pharmaceuticals, LLC ("Vyera") and Martin Shkreli ("Shkreli") (collectively, "Defendants"), in the proceedings referenced above. Pursuant to the Court's March 29, 2019 directive, Defendants respectfully submit this letter in response to the supplemental letter brief filed by plaintiff, Edward Painter ("Mr. Painter"), on April 5, 2019 [D.E. 41] and reaffirm their request that the Court dismiss Mr. Painter's RICO claim along with all of the other causes of action he alleges in his Amended Complaint.[1]

      Mr. Painter's novel and expansive reading of the conviction exception set forth in 18 U.S.C. § 1964(c) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act fails for three separate reasons:

---

[1] Contrary to Mr. Painter's contention, Defendants have consistently sought dismissal of the RICO claim against both Vyera *and* Shkreli. See Defendants' Letter Response to Mr. Painter's Amended Complaint dated March 6, 2019 [D.E. 39] at 1 ("<u>Defendants</u> reaffirm <u>their</u> request that the Court dismiss the AC because the broad and express release in Mr. Painter's Separation Agreement bars <u>all</u> of his purported claims.") (emphasis added); 3 ("Painter's purported RICO <u>claim</u> fails because it is based on alleged securities fraud") (emphasis added); 4 ("Painter's RICO <u>claim</u> fails because he does not sufficiently allege facts to support the existence of an enterprise") (emphasis added).

A Pennsylvania Limited Liability Partnership

California  Colorado  Delaware  District of Columbia  Florida  Georgia  Illinois  Minnesota
Nevada  New Jersey  New York  North Carolina  Pennsylvania  South Carolina  Texas  Washington

Active\93237600.v1-4/12/19



*First*, a careful review of the legislative history of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which amended 18 U.S.C. 1964(c), makes clear that the United States Congress intended to "correct the misapplication of RICO" and therefore limit, not expand, the number of plaintiffs asserting RICO claims in the securities fraud context. See Krear v. Malek, 961 F.Supp. 1065, 1074 (E.D. Mi. 1997) (citing P.L. 104–67, Private Securities Litigation Reform Act of 1994, Senate Report No. 104–98 (June 19, 1995)). Indeed, as Representative Cox of California, who introduced the PSLRA, remarked,

> It is certainly important that criminals be prosecuted and that is exactly what will happen before and after this amendment. But what we do not want to see is for our carefully crafted Federal securities laws to be shunted aside and instead for people to be able to use a statute ***never intended to apply in these civil cases in this way so that they can get treble damages***, something not provided for in our securities laws.

Krear, 961 F.Supp. at 1076 (citing 141 Cong. Rec. H2778 (Statement of Rep. Cox) (emphasis added)).

The Second Circuit affirmed this very principle, recognizing that "the purpose of the bar was to prevent litigants from using artful pleading to boot-strap securities fraud cases into RICO cases, with their threat of treble damages." MLSMK Inv. Co. v. JP Morgan Chase & Co., 651 F.3d 268, 274 (2d Cir. 2011).

Mr. Painter's suggested interpretation of the PSLRA and conviction exception would achieve the opposite result of what was intended by the legislature; it would permit more plaintiffs to style their securities fraud claims as RICO claims by simply alleging that a defendant, who has previously been convicted of securities fraud, has engaged in a "pattern and practice" of such fraud. Under that interpretation, a defendant could be held liable for treble damages even though the defendant's conviction involved entirely different plaintiffs and entirely different investments. Such a reading of the statute would render the amendment meaningless. See Krear, 961 F.Supp. at 1076-77 (noting that "the exception would swallow the rule if plaintiffs who cannot show that they were criminally defrauded would, nevertheless, be able to bring a civil RICO action based on alleged securities fraud").

*Second*, the plain language of the conviction exception mandates that a plaintiff seeking to fit within the exception must have been a victim of *the* specific fraud for which the defendant was convicted. 18 U.S.C. § 1964(c) provides:

> Any person injured in his business or property by reason of a [RICO] violation ... may sue therefor ... and shall recover threefold the damages he sustains and the cost



>of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. ***The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud.***

18 U.S.C. § 1964(c) (emphasis added).

The use of the word "the" preceding the word "fraud" evidences that the exception is not to be construed broadly to apply to a "pattern or practice" of securities fraud, like Mr. Painter suggests, but instead only applies to the specific securities fraud for which the specific defendant was convicted. If Congress had intended for the conviction exception to apply broadly to plaintiffs like Mr. Painter, then it would have used the word "a" instead of "the" when crafting the language of the statute. The plain language of § 1964(c) also establishes that the conviction exception could never be construed to cover Vyera because Vyera has not been criminally convicted of *any* fraud – let alone *the* fraud alleged by Mr. Painter.

*Third*, courts interpreting and applying the conviction exception have consistently held that it should be interpreted and applied in accordance with Defendants' narrow reading of the statute. As set forth in Defendants' initial letter, the court in Kaplan v. S.A.C. Capital Advisors, L.P., 104 F. Supp. 3d 384, 391 (S.D.N.Y. 2015) (emphasis added), seemingly anticipated all of Mr. Painter's arguments and made abundantly clear that "RICO's criminal conviction exception is to be ***narrowly construed*** such that a defendant must have been criminally convicted of securities fraud encompassing the ***specific plaintiffs filing suit*** and the ***specific fraudulent conduct to which the defendant's conviction relates***."

Following Kaplan, two other courts in the Second Circuit have applied the conviction exception narrowly. See McEssy v. Gray, No. 5:15-CV-1462, 2016 WL 10518458, at *9 (N.D.N.Y. Aug. 11, 2016) (holding that the conviction exception is to be construed narrowly); Goldberg v. Gray, No. 5:15-CV-0538, 2016 WL 4099189, at *8 (N.D.N.Y. Aug. 2, 2016) (holding same).

In both McEssy and Goldberg, the courts only allowed the RICO claims to proceed under the conviction exception against one individual defendant, Mr. Gray, who had previously been criminally convicted of ***the same exact securities fraud*** that caused damages to the plaintiffs. Notably, the courts dismissed the plaintiffs' RICO claims against every other defendant (individual and corporate) that had not been criminally convicted of the securities fraud at issue.

Here, unlike in McEssy and Goldberg, Mr. Painter seeks to apply a broader reading of the conviction exception and hold both Defendants accountable for a "pattern and practice" of



securities fraud committed by Shkreli despite the fact that Shkreli was only convicted of securities fraud concerning investors of MSMB Capital, MSMB Healthcare, and Retrophin. The securities fraud at the center of Shkreli's criminal conviction is entirely unrelated to Mr. Painter's purported claim. Mr. Painter was not a victim of that fraud.

Under § 1964(c), Mr. Painter cannot invoke the conviction exception because: (1) neither Shkreli nor Vyera were ever convicted of defrauding Mr. Painter, (2) Shkreli was not convicted in connection with his role at Vyera, and (3) Vyera has never been criminally convicted of anything and therefore obviously cannot be liable under an exception that permits actions against "*any person that is criminally convicted in connection with the fraud*."

Accordingly, Defendants respectfully request that the Court dismiss Mr. Painter's RICO claim because it is barred by 18 U.S.C. § 1964(c).[2]

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

_____
John A. Wait
*Attorneys for Defendants*

---

[2] Defendants also respectfully submit that, in the alternative, the Court should dismiss Mr. Painter's RICO claim for the additional reasons set forth in Defendants' Letter Response to Mr. Painter's Amended Complaint dated March 6, 2019 [D.E. 39].