UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

EDWARD PAINTER                                     X

                                    Plaintiff,          Index No.:  No. 17-CV-07558
                                                        (CBA)(LB)
            v.

                                                        **DEFENDANTS' ANSWER &**
                                                        **AFFIRMATIVE DEFENSES**
TURING PHARMACEUTICALS AG,                              **AND COUNTERCLAIM TO**
TURING PHARMACEUTICALS, LLC a/k/a                       **PLAINTIFF'S AMENDED**
VYERA PHARMACEUTICALS, LLC, and                         **COMPLAINT**
MARTIN SHKRELI

                                    Defendants.
_____           X

            Defendants, Phoenixus AG (f/k/a Vyera Pharmaceuticals AG, f/k/a Turing

Pharmaceuticals AG) ("PAG"), Vyera Pharmaceuticals, LLC (f/k/a Turing Pharmaceuticals LLC)

("Vyera"), and Martin Shkreli ("Shkreli") (collectively, "Defendants"), by and through their

attorneys, Fox Rothschild LLP, file their Answer, Affirmative Defenses, and Counterclaim to the

Amended Complaint of Plaintiff Edward Painter ("Plaintiff" or "Painter") as follows:

## JURISDICTION AND VENUE

            1.       Admitted in part; denied.  Defendants admit only that Plaintiff purports to seek

alleged damages for purported securities violations and other related causes of action.  Defendants

deny that Plaintiff has a factual, legal, or equitable basis to recover such damages.

            2.       Denied.  The allegations contained in this paragraph concerning alleged jurisdiction

constitute conclusions of law to which no response is required and, accordingly, all such

allegations are denied.

3.     Denied.  The allegations contained in this paragraph concerning alleged venue constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

4.     Denied. The allegation contained in this paragraph concerning Plaintiff's alleged entitlement to a jury trial constitutes a conclusion of law to which no response is required and, accordingly, such allegation is denied.

## PARTIES

5.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

6.     Denied.  PAG, formerly known as Vyera Pharmaceuticals AG and Turing Pharmaceuticals AG, is a Swiss corporation doing business and maintaining an office in the Canton of Zug, Switzerland.  Vyera, formerly known as Turing Pharmaceuticals LLC, is a Delaware limited liability company doing business and maintaining an office in New York, New York.

7.     Denied.  Shkreli is currently located in a federal prison in Allenwood, Pennsylvania and is therefore a resident of the State of Pennsylvania.

8.     Admitted in part; denied.  Defendants admit only that Vyera, formerly known as Turing Pharmaceuticals LLC, is a wholly-owned subsidiary of PAG.  The remaining allegations, concerning alleged trademarks, constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## STATEMENT OF RELEVANT FACTS

9.     Admitted in part; denied.  Defendants admit only that Shkreli was convicted of a violation of SEC Rule 10(b)(5) and is currently in prison.  The remaining allegations constitute

conclusions of law to which no response is required and, accordingly, all such allegations are denied.

10.     Denied.  The allegations contained in this paragraph concerning an alleged modus operandi, alleged fraud, and alleged inducement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

11.     Denied.  The allegations contained in this paragraph concerning an alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

12.     It is admitted only that Shkreli was indicted and found guilty of criminal charges that are a matter of public record.  To the extent that Plaintiff mischaracterizes the charges or findings, Defendants deny the mischaracterizations.

13.     It is admitted only that Shkreli was indicted and found guilty of criminal charges that are a matter of public record.  To the extent that Plaintiff mischaracterizes the charges and findings, Defendants deny the mischaracterizations.

14.     It is admitted only that there is an Order of Judgment that is a matter of public record.  The Order of Judgment is a written document that must be examined for its content.  If Plaintiff mischaracterizes the content of the Order of Judgment, then Defendants deny the mischaracterizations.

15.     It is admitted only that there is a Preliminary Order of Forfeiture that is a matter of public record.  The Preliminary Order of Forfeiture is a written document that must be examined for its content.  If Plaintiff mischaracterizes the Preliminary Order of Forfeiture, then Defendants deny the mischaracterizations.

16.     It is admitted only that there is a Preliminary Order of Forfeiture that is a matter of public record.  The Preliminary Order of Forfeiture is a written document that must be examined for its content.  If Plaintiff mischaracterizes the Preliminary Order of Forfeiture, then Defendants deny the mischaracterizations.  Plaintiff's allegations concerning the alleged rights provided to the Government under the Preliminary Order of Forfeiture constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

17.     Admitted in part; denied.  It is admitted only that Shkreli filed an appeal with the Second Circuit Court of Appeals but that appeal is no longer pending; the Second Circuit affirmed his conviction in July 2019.

18.     Denied.  The allegations contained in this paragraph concerning an alleged pattern and practice of securities and stock fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

19.     Admitted.

20.     This allegation is not directed to Defendants and, accordingly, no response is required.

21.     This allegation is not directed to Defendants and, accordingly, no response is required.

22.     It is admitted only that Shkreli created MSMB Healthcare and Retrophin in 2011.

23.     Admitted.

24.     Denied.  The allegations contained in this paragraph concerning Shkreli's alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

25.     Denied.  This allegation is vague as to which entity Shkreli founded and is therefore denied.

26.     Admitted.

27.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

28.     Denied.  Shkreli resigned as CEO of Turing in late 2015.

29.     Denied.

## Defendants' Scheme to Defraud Mr. Painter of his Family Savings of $275,000, and Commissions from the Savant Deal

30.     Denied.

31.     Admitted upon information and belief.

32.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

33.     Denied.  The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

34.     Denied.  Plaintiff entered into an employment agreement with Vyera, formerly known as Turing Pharmaceuticals LLC, and was employed as the Head of Investor Relations at Vyera.

35.     Denied.

36.     Denied.

37.     Denied. Plaintiff holds 10,000 Series A Preference Shares of Turing, which he acquired on or about September 27, 2015 in connection with the conversion of an outstanding loan in the amount of $150,000.

38.     Denied.   The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

39.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

40.     Admitted in part; denied. Defendants only admit that the price of Daraprim was raised from $13.50 per tablet to $750 per tablet. Turing acquired the United States marketing rights to Daraprim®, which is used for the treatment of toxoplasmosis – a disease that results from infection with the Toxoplasma gondii parasite.

41.     Denied as stated.

42.     Denied.   The allegations contained in this paragraph concerning alleged representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

43.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

44.     Denied.   The allegations contained in this paragraph concerning alleged representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.  This allegation is vague and confused and is therefore denied.

51.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

52.     Denied.

53.     Admitted in part; denied.  It is admitted only that in or about December 2015, KaloBios filed for Chapter 11 bankruptcy.  Defendants deny the remaining allegations.

54.     Denied.

55.     Admitted.

56.     This allegation is not directed to Defendants and, accordingly, no response is required.

57.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

58.     Denied.  In or about December 2015, Shkreli resigned as CEO of Turing.

59.     Denied. Turing Pharmaceuticals LLC changed its name to Vyera Pharmaceuticals, LLC effective as of August 7, 2017.

## AS AND FOR THE FIRST CAUSE OF ACTION – SECURITIES FRAUD IN VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

60.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

61.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

62.     Admitted in part; denied.  It is admitted only that Plaintiff alleges that he suffered substantial injury and damages but Defendants deny that such allegations have any merit.

63.      Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

64.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

65.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

66.     Denied.   The allegations contained in this paragraph concerning alleged misrepresentations and omissions constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

67.     Denied.   The allegations contained in this paragraph concerning alleged misrepresentations and omissions constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

68.     Denied.   The allegations contained in this paragraph concerning alleged representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

69.     Denied.

70.     Denied.

71.     Denied.   The allegations contained in this paragraph concerning alleged representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

72.     Denied.  The allegations contained in this paragraph concerning alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

73.     Denied.   The allegations contained in this paragraph concerning alleged misrepresentations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

74.     Denied.  The allegations contained in this paragraph concerning Painter's alleged damages constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## AS AND FOR A SECOND CAUSE OF ACTION – SECURITIES FRAUD IN VIOLATION OF SECTION 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934

75.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

76.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

77.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

78.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

79.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

80.     The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

**PLAINTIFF'S THIRD CAUSE OF ACTION (¶¶ 81-88) WAS DISMISSED PER THE COURT'S SEPTEMBER 26, 2019 DECISION AND ORDER.**

**AS AND FOR THE FOURTH CAUSE OF ACTION– BREACH OF CONTRACT FOR THE AGREEMENT OF A 5% COMMISSION ON THE SALE OF DRUGS RESULTING FROM THE SAVANT DEAL**

89.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

90.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

91.     Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

92.     Denied. The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

93.     Denied. The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

94.     Denied. The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

95.     Denied.   The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## AS AND FOR THE FIFTH CAUSE OF ACTION – BREACH OF CONTRACT FOR THE SECURITIES EXCHANGE AGREEMENT BETWEEN PLAINTIFF AND DEFENDANTS FOR $150,000 INTEREST IN TURING

96.     Denied.

97.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

98.     Denied. Defendants deny information sufficient to form a belief as to the truth of the allegations and therefore deny all such allegations.

99.     Denied.

100.     Denied.

101.     Denied.

## AS AND FOR THE SIXTH CAUSE OF ACTION – BREACH OF CONTRACT FOR THE SALE OF SECURITIES BETWEEN PLAINTIFF AND DEFENDANTS FOR $125,000 INTEREST IN KALOBIOS

102.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

103.     Admitted.

104.     Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

105.     Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

106.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

107.     Denied.  The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

108.     Denied.  The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

109.     Denied.  This allegation is vague and is therefore denied.

## AS AND FOR THE SEVENTH CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

110.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

111.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

112.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

113.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

114.    Denied. The allegations contained in this paragraph concerning alleged fraud and misrepresentations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

115.    Denied. The allegations contained in this paragraph concerning alleged misrepresentations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

116.    Denied. The allegations contained in this paragraph concerning alleged misrepresentations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

117.    Denied. The allegations contained in this paragraph concerning alleged misrepresentations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

118.    Denied. The allegations contained in this paragraph concerning an alleged agreement and Painter's alleged damages constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

119.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## AS AND FOR THE EIGHTH CAUSE OF ACTION – FRAUD AND MISREPRESENTATION

120.    Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

121.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

122.     Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

123.     Admitted in part; denied.  It is admitted only that Shkreli was convicted of securities fraud in the Eastern District of New York in or about August 2017.  The remaining allegations concerning an alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

124.     Denied.  The allegations contained in this paragraph concerning alleged fraud and alleged misrepresentations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

125.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

126.     Denied.

127.     Denied.

128.     Denied.  The allegations contained in this paragraph concerning alleged fraudulent statements constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

129.     Denied.  The allegations contained in this paragraph concerning an alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

130.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## AS AND FOR THE NINTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION

131.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

132.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

133.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

134.     Admitted in part; denied.  It is admitted only that Shkreli was convicted of securities fraud in the Eastern District of New York in or about August 2017.  The remaining allegations concerning alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

135.     Denied.   The allegations contained in this paragraph concerning Defendants' alleged duty to Painter constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

136.     Denied. The allegations contained in this paragraph concerning alleged false representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

137.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

138.     Denied.

139.     Denied. The allegations contained in this paragraph concerning alleged false representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

140.     Denied. The allegations contained in this paragraph concerning alleged fraudulent representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

141.     Denied.  The allegations contained in this paragraph concerning an alleged fraud constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

142.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

**AS AND FOR THE TENTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTIES**

143.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

144.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

145.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

146.     Denied. The allegations contained in this paragraph concerning an alleged fiduciary relationship between Defendants and Painter constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

147.     Denied. The allegations contained in this paragraph concerning Defendants' alleged duty to Painter constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

148.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

149.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied

**AS AND FOR THE ELEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT**

150.     Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set forth herein.

151.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

152.     Denied. The allegations contained in this paragraph concerning alleged representations constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

153.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

154.     Denied.  The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

155.     Denied.  The allegations contained in this paragraph concerning an alleged agreement constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

156.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

157.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## AFFIRMATIVE DEFENSES

By way of further response, Defendants assert the following affirmative defenses to the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his own acts and omissions from recovering any relief.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered damages, which Defendants deny, Plaintiff failed to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff sustained any damages and deny that they proximately caused any of the damages claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Employment Separation and Release Agreement dated October 10, 2017.

## ADDITIONAL DEFENSES RESERVED

Defendants reserve the right to amend their Answer and to assert additional affirmative defenses as Plaintiff's claims become more fully disclosed during the course of the litigation.

WHEREFORE, Defendants respectfully demand judgment in their favor dismissing the Amended Complaint in its entirety with prejudice, together with attorney's fees, interest, costs, and such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

158. This Counterclaim arises from a breach of the Employment Separation and Release Agreement (the "Separation Agreement") by and between Plaintiff and Vyera dated October 10, 2017.

159. Painter was employed by Vyera as Director of Investor Relations under an Employment Contract dated June 6, 2015.

160. Following Plaintiff's termination, Plaintiff and Vyera entered into the Separation Agreement.

161. As part of the Separation Agreement, in exchange for Painter releasing Vyera from "all claims arising out of or related to [his] employment and the termination thereof", Vyera paid Painter $100,000 (the "Separation Payment").

162. In violation of the explicit terms of the Separation Agreement, Painter initiated this lawsuit against Vyera, asserting claims arising out of and relating to his employment with Vyera.

163.    Painter's claims against Vyera constitute a material breach of the Separation Agreement.

164.    Accordingly, Vyera seeks to be repaid the $100,000 Separation Payment due to Painter's breach of the Separation Agreement.

## THE PARTIES

165.    Plaintiff is a resident of the State of New York.

166.    PAG, formerly known as Vyera Pharmaceuticals AG and Turing Pharmaceuticals AG, is a Swiss corporation doing business and maintaining an office in the Canton of Zug, Switzerland.   Vyera, formerly known as Turing Pharmaceuticals LLC, is a Delaware limited liability company doing business and maintaining an office in New York, New York.

## JURISDICTION AND VENUE

167.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

168.    Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

169.    Under the Separation Agreement, Painter and Vyera each released all claims against the other arising from or in any way related to Painter's employment.   See Separation Agreement, Sections 4(a) and 8 (**Exhibit A**).

170.    As set forth in Section No. 4, Subsection (a) of the Separation Agreement, Painter agreed that in exchange for a Separation Payment of $100,000.00 (less withholdings and deductions) he would:

> . . . agree to forever release, acquit, and discharge Turing and all its
> subsidiaries, affiliates, divisions and its and their present and past
> employees, officers, directors and shareholders and its and their
> predecessors, successors and assigns (collectively "Releasees")

> from and against all claims, actions and causes of action (collectively the "claims"), of every kind, nature and description, which exist as of the date you sign this Separation agreement, arising out of or related to your employment and the termination thereof, all claims arising under all federal, State and local discrimination statute, including but not limited to …

171. In exchange for the Separation Payment, Painter agreed that he would not file any lawsuit related to his employment at Vyera, the terms and conditions of his employment, the termination of his employment, or any other waived claim. See Separation Agreement, Section 5, Subsection (a) (**Exhibit A**).

172. Painter further agreed that if such a suit was filed, "it shall be dismissed with prejudice upon presentation of this Separation Agreement and [Painter] shall reimburse Turing for the costs, including attorney's fees and costs, of defending any such action." Id.

173. On December 28, 2017, Painter filed the Complaint against Vyera.

174. In the Complaint, Painter purported to "redress violation of the terms, conditions and privileges of employment of Plaintiff by the Defendants."

175. In the Complaint, Painter alleged various purported promises made to him during the course of his employment.

176. All of his claims related to his employment at Vyera and were precisely the types of claims Painter released when he entered into the Separation Agreement.

177. Painter filed an Amended Complaint on February 20, 2019.

178. Despite representing that his allegations were amended to eliminate all of his employment-related claims, Painter's Amended Complaint still contains allegations and causes of action arising from, and relating to, his employment at Vyera.

179.     Vyera has repeatedly requested in writing that Painter honor the terms of the Separation Agreement by promptly dismissing the action with prejudice or returning the $100,000 Separation Payment.

180.     Painter, through counsel, has declined to dismiss the action or return the Separation Payment to Vyera.

181.     The Separation Agreement has an Integration Clause, which provides:

> You acknowledge that this is our entire agreement concerning the subject matter addressed herein and fully supersedes any prior agreements or understandings regarding such matters between the parties.   You acknowledge that there are no representations by Turing, oral or written, not set forth in this Separation Agreement upon which you relied in signing this Separation Agreement.

See **Exhibit A** (Section 3(e) of Separation Agreement).

182.     Painter was represented by counsel during the negotiation and execution of the Separation Agreement.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

183.     Defendant/Counterclaim-Plaintiff Vyera incorporates by reference all preceding paragraphs of the Answer with Affirmative Defenses and Counterclaim as if fully set forth herein.

184.     Pursuant to the Agreement, in exchange for the Separation Payment of $100,000, Painter agreed to release and forever discharge Vyera from "all claims arising out of or related to [his] employment and the termination thereof."

185.     Despite agreeing to release Vyera from any and all such claims, Painter nevertheless initiated the instant action against Vyera and has asserted claims against Vyera "arising out of or related to [his] employment."

186.     Such action by Painter constitutes a material breach of the Agreement.

187.    As a result, Vyera is entitled to the $100,000 it paid to Painter as consideration for

the Agreement.

188.    Vyera is further entitled to its attorneys' fees and costs for defending this action.

**WHEREFORE**, Vyera demands that Painter relinquish the $100,000 Separation Payment

and pay the attorneys' fees and costs it has expended in defending this action, along with such

other and further relief as the Court deems just and proper.

Dated: November 11, 2019
        New York, New York

**FOX ROTHSCHILD LLP**

By: /s/ John A. Wait
        John A. Wait, Esq.
        Alexandra L. Sobol, Esq.
        Fox Rothschild LLP
        101 Park Avenue, 17th Floor
        New York, NY 10178
        212-878-7900
        *Attorneys for Defendants*