# EMPLOYMENT SEPARATION AGREEMENT AND RELEASES

Upon your acceptance of the terms and conditions set forth in this Employment Separation Agreement and Releases ("Separation Agreement"), Turing Pharmaceuticals, LLC ("Turing") will provide you with a Separation Payment.

WHEREAS, you and Turing have mutually agreed that your employment relationship was severed; and

WHEREAS, the parties wish to set forth their understanding regarding matters in connection with the separation of your employment; and

WHEREAS, you freely and voluntarily enter into this Separation Agreement in exchange for the promises contained herein; and

WHEREAS, the terms and conditions of this Separation Agreement, including the general release and waivers incorporated herein, have been explained to you by your counsel, as you deemed necessary, and you have had a reasonable amount of time to consult with your counsel,

NOW, THEREFORE, for good and valuable consideration, Turing and Edward Painter ("You" or "Your") agree as follows:

1. <u>Consideration</u>:

   Within twenty days following the execution of this Agreement, Turing agrees to pay You the gross amount of One Hundred Thousand Dollars and zero Cents ($100,000.00), less applicable withholdings and deductions (the "Separation Payment") provided that there is no revocation of the Separation Agreement.

2. <u>Non-Hire</u>:

   You forever waives and relinquishes all rights to assert any claim for recall, reemployment, tenure, seniority or any privileges with Turing and covenant not to apply or reapply for employment with it.

3. <u>Miscellaneous</u>:

   (a) You agree to cooperate with Turing, and to provide all information and sign any corporate records and instruments that Turing may hereafter reasonably request with respect to any matter involving your present or former relationship with

Turing, the work you have performed with present or former employees or clients of Turing.

(b) You understand and agree that as a condition of the receipt by you of the consideration described in this Separation Agreement, the terms, contents, conditions and execution of this Separation Agreement, and the circumstances and facts underlying this Separation Agreement, shall be kept confidential by you, except that you may disclose the terms and conditions of this Separation Agreement, and any underlying agreement, (i) to your immediate family, attorney or tax advisers provided they also keep this Separation Agreement and its terms and conditions confidential; (ii) in order to enforce its terms and conditions; or (iii) as otherwise required by law.

(c) If any part or any provision of this Separation Agreement is determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Separation Agreement.

(d) You agree that any waiver on the part of Turing as to compliance with any of the terms and conditions of this Separation Agreement shall not operate as a waiver of, or estoppel with respect to, any prior, subsequent or other failure by you to perform your obligations under this Separation Agreement. This Separation Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Separation Agreement.

(e) You acknowledge that this is our entire agreement concerning the subject matter addressed herein and fully supersedes any prior agreements or understandings regarding such matters between the parties. You acknowledge that there are no representations by Turing, oral or written, not set forth in this Separation Agreement upon which you relied in signing this Separation Agreement. You further acknowledge that the headings in this Separation Agreement are for convenience only and have no bearing on the meaning of this Separation Agreement.

(f) You understand and agree that you would not receive the payment specified in Section 1 above, except for your execution of this Separation Agreement and the fulfillment of the promises contained herein. You further acknowledge, understand and agree that except for the payments described in Section 1 above, you are not eligible to receive and will not receive any other separation or severance compensation or benefits from Turing in connection with your employment, the termination of your employment or executing this Separation Agreement.

4. <u>Release:</u>

(a) In consideration for the above, you agree to forever release, acquit and discharge Turing and all its subsidiaries, affiliates, divisions and its and their present and past employees, officers, directors and shareholders and its and their predecessors, successors and assigns (collectively "Releasees") from and against all claims, actions and causes of action (collectively the "claims"), of every kind, nature and description, which exist as of the date you sign this Separation Agreement, arising out of or related to your employment and the termination thereof, all claims arising under all federal, state and local discrimination statutes, including but not limited to:

(1) Title VII of the Civil Rights Act of 1964, as amended; the Reconstruction Era Civil Rights Act (also known as the Civil Rights Act of 1866), as amended; the Civil Rights Act of 1991, as amended; the Americans with Disabilities Act of 1990, as amended; the ADA Amendments Act of 2008; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); the Fair Labor Standards Act of 1938, as amended; the Equal Pay Act; the Immigration Reform and Control Act; the Genetic Information Nondiscrimination Act; the Occupational Safety and Health Act; the Worker Adjustment Retraining and Notification Act; the Uniform Services Employment and Reemployment Rights Act of 1994, as amended; the False Claims Act; and the Employee Retirement Income Security Act of 1974, as amended (excluding claims for accrued vested benefits under any employee benefit or pension plan of Turing, if any, in accordance with the terms and conditions of such plan and applicable law);

(2) the constitution and laws of the State of New York and the City of New York concerning wages, employment, the terms and conditions of employment, and the termination of employment including, without limitation: the New York State Human Rights Law; the New York Executive Law; the New York Civil Rights Law; the New York City Human Rights Law; the New York City Administrative Code; the New York Minimum Wage Act; the New York State Worker Adjustment and Retraining Notification Act; the New York Labor Law; and including, without limitation, the New York laws relating to: equal pay, wage payment, maximum hours and overtime, meal and rest periods, public holidays, wage deductions, prevailing wages, medical examinations, lie detector tests, fingerprinting, military leave, disaster service volunteer leave, jury duty, time off to vote, whistleblower protection, labor relations, display of the American flag, criminal background checks, genetic disorders, apprenticeship programs, disability discrimination, reasonable accommodation for disabilities, political activities, recreational activities, legal use of consumable products outside working hours, confidentiality of AIDS test results, breastfeeding rights, leave for adoptive parents, leave for bone

marrow donors, discrimination in public works contracts, discrimination in defense contracts; and/or any other law, rule, regulation, order, executive order or ordinance pertaining to wages, employment, the terms and conditions of employment, and/or the termination of employment; and/or any other law, rule, regulation, order, executive order or ordinance pertaining to wages, employment, the terms and conditions of employment, and/or the termination of employment;

(3) your employment with Turing, the terms and conditions of such employment, the termination of such employment and/or any of the events relating directly or indirectly to or surrounding the termination of that employment including, without limitation, wrongful discharge, constructive discharge, breach of contract (whether express or implied), breach of the covenant of good faith and fair dealing, breach of promise, detrimental reliance, promissory estoppel, equitable estoppel, unjust enrichment, quantum merit, violation of public policy, tortious conduct, defamation, libel, slander, false light, interference with contract or a prospective economic advantage, fraud, fraud in the inducement, misrepresentation, invasion of privacy, assault, battery, personal injury, harassment, hostile work environment, failure to promote, violation of federal, state, or local whistleblower or anti-retaliation personnel laws, infliction of emotional distress (negligent and intentional), compensatory damages, economic damages, and punitive damages; and

(4) claims for attorneys' fees, costs, disbursements, and the like, which you ever had, now have, or hereafter can, shall or may have against Turing for, upon, or by reason of any act, omission, transaction or occurrence up to and including the date of this Separation Agreement.

5. **Your Waiver:**

   (a) You agree, to the extent permitted by law, that you will not bring or join any lawsuit or proceeding in any court against Turing relating to your employment, the terms and conditions of employment, the termination of employment or any claim or potential claim waived by this Separation Agreement. You acknowledge that all such claims or causes of action brought in any such lawsuit or proceeding are released and waived pursuant to this Separation Agreement. Except as prohibited by law, in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Separation Agreement and you shall reimburse Turing for the costs, including attorneys' fees and costs, of defending any such action.

   (b) By virtue of the foregoing, you agree that you have waived any damages and other relief available (including, without limitation, money damages and equitable relief) under the claims waived in this Separation Agreement. Therefore, you agree not to accept any award or compensation from any source or proceeding (including, but

not limited to, any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Separation Agreement. Notwithstanding the foregoing, you are not waiving any right to file a charge with any administrative agency that is specifically provided by, and may not be waived under law, but you agree that you will not be entitled to any benefit arising from any claim or proceeding involving any matter within the scope of any claim or charge that is filed or initiated by you or on your behalf by any such agency or other governmental entity.

(c) You, to the extent permitted by law, agree not to provide information, advice or counsel to, or otherwise cooperate with or assist in any manner, any entity or person, including, without limitation, any employee or former employee of Turing, asserting or seeking to assert any cause of action, charge or any claim whatsoever against Turing, unless compelled to do so by force of law or subpoena. You further agree, to the extent permitted by law, that in connection with any action at law, proceeding in equity, or in any administrative proceeding commenced by any person or entity against Turing, you will not participate as a witness or attempt to offer any evidence against Turing, concerning any act or omission by Turing, unless compelled to do so by force of law or subpoena.

6. **Exclusions from Release and Waiver:**

(a) Nothing in this Separation Agreement, including Sections 4 and 5 are intended to, and shall not affect your right to file a lawsuit, complaint or charge that challenges the validity of this Separation Agreement under the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f) ("OWBPA"), with respect to claims under the ADEA. This section is not intended to and shall not limit the right of a court to determine, in its discretion, that Turing is entitled to restitution, recoupment or setoff of any monies paid should the release of ADEA claims in this Separation Agreement be found to be invalid. Neither does this section affect Turing's right to recover attorneys' fees or costs to the extent authorized under federal law.

(b) Notwithstanding the provisions set forth in Sections 4 and 5, you are not waiving any rights you may have to (1) exercise your rights under Section 601-608 of ERISA as amended, popularly known as COBRA; (2) exercise your rights, if any, for accrued vested benefits under any employee benefit plan, such as Turing's 401(k) plan, in accordance with the terms and conditions of such plan(s) and applicable law; (3) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (4) any rights you may have to any bounty that may be recoverable as a result of participating in the Securities and Exchange Commission ("SEC") Whistleblower Program; (5) pursue claims which by law cannot be waived by signing this Agreement; (6) enforce this Agreement; (6) compensation and benefits arising from your service

5

(c)     on the board of directors of Turing Pharmaceuticals AG; and/or (7) challenge the validity of this Agreement.

(c)     Notwithstanding the provisions set forth in Sections 4 and 5, nothing in this Agreement shall preclude you (or your attorney) from communicating directly with, making protected disclosures to or responding to an inquiry from any administrative or regulatory (including self-regulatory) agency or authority, including, but not limited to, the SEC, the Financial Industry Regulatory Authority ("FINRA"), the Commodity Futures Trading Commission ("CFTC"), the Consumer Financial Protection Bureau ("CFPB"), the U.S. Department of Justice ("DOJ"), the U.S. Congress, any agency Inspector General, the Equal Employment Opportunity Commission ("EEOC") and/or the NLRB, or making other disclosures that are protected under the whistleblower provisions of federal law or regulation.

(d)     To the extent any lawsuits, arbitrations, claims, charges, or complaints are filed against the Releasees in any administrative, judicial, arbitral, or other forum, or with any international, federal, state, or local agency by a third party or otherwise, you expressly waive any claim to any form of monetary or other damages, or any other form of recovery or relief in connection with any such proceeding, provided that nothing herein limits or restricts your ability to receive a payment pursuant to CFTC, SEC, IRS or other whistleblower incentive award programs administered by such agencies if applicable. Further, if a lawful subpoena to testify before any entity is issued to you, you will immediately notify Turing and provide it with a copy of the subpoena. Nothing in this Separation Agreement prohibits you from providing truthful testimony or information to any government agency if so required by law.

7.     **Representations and Covenants.**

(a)     No Pending Action.

You represent that you have not commenced any legal, equitable or administrative proceeding against any of the Releasees.

(b)     Nullification of Release.

You agree that in the event that you successfully nullify the release of claims in, you will be required to return the Separation Payment.

8.     **Release of Legal Claims by Turing Pharmaceuticals, LLC.**

In consideration of their mutual promises in this Agreement, Truing agrees to unconditionally release and forever discharge You from any and all causes of action, suits,

damages, claims, judgments, interest, attorney fees, costs and expenses whatsoever, those relating to, or in connection with Your employment by Turing up to and including the date of execution hereof.

9. **Receipt of Wages:**

You affirm that you have reported all hours worked as of the date of this Agreement and have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which you may be entitled, and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to you, except as provided in this Agreement.

10. **No Admission of Liability:**

Turing has entered into the Separation Agreement solely for the purpose of avoiding the burdens and expense of further legal proceedings, and the making of the Agreement is not intended to be, and shall not be construed as, an admission that Turing or any other Releasee violated any federal, state or local law (statutory or decisional), ordinance or regulation or committed any wrong whatsoever against you.

11. **Mutual Non-Disparagement:**

You agree not to make, authorize, or direct others to make disparaging remarks, written or verbal, intended to adversely affect or having a foreseeable result of adversely affecting Releasees' businesses or the good name or reputation of any of the Releasees. Turing Pharmaceuticals, LLC agrees that it shall not authorize any member of its Board of Directors or any of its officers or directors to make negative or disparaging statements concerning, or take any action that derogates your reputation. Nothing in this paragraph shall prevent any communications without notice to the other party in response or disclosure compelled by legal process or required by applicable law.

12. **Governing Law:**

Unless federal law applies, this Separation Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provisions. The invalidity or unenforceability of any provision of this Separation Agreement shall in no way affect the validity or enforceability of any other provision; the invalid or unenforceable provision shall be stricken, without assessing damages or

imposing penalties to either party arising out of said provisions, by any court of competent jurisdiction.

13. **Effective Date of Separation Agreement:**

(a) You hereby acknowledge and represent that you have been given a period of at least **twenty one (21)** days to consider the terms of this Separation Agreement; that the terms of this Separation Agreement are clear and understandable to you; that Turing has advised you in writing to consult with an attorney prior to executing this Separation Agreement; and that you have received valuable and good consideration to which you are otherwise not entitled in exchange for execution of this Separation Agreement.

(b) You hereby acknowledge that you may revoke this Separation Agreement within seven (7) days of signing the Separation Agreement (referred to herein as the "Revocation Period") and that this Separation Agreement shall not become enforceable until the day after the seven-day Revocation Period has expired, provided you have signed the Separation Agreement and have not exercised the right to revoke (referred to herein as the "Effective Date" of this Separation Agreement). In the event you choose to exercise the option to revoke this Separation Agreement, you shall notify Turing in writing addressed to the company's designated agent for this purpose, Scott L. Vernick, Esquire, svernick@foxrothschild.com, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103-3222 no later than 5:00 p.m. EDT or EST of the last day of the Revocation Period. If the last day of the Revocation Period is a Saturday, Sunday or federal holiday, then the Revocation Period shall not expire until the next following day which is not a Saturday, Sunday or such legal holiday. You expressly understand and agree that if you do not sign this Separation Agreement, or if it is revoked within the Revocation Period, the Separation Agreement will not be effective or enforceable, and you will not be entitled to any of the benefits or consideration provided for in this Agreement.

YOU HAVE BEEN ADVISED THAT YOU HAVE AT LEAST TWENTY ONE (21) DAYS TO CONSIDER THIS SEPARATION AGREEMENT AND RELEASE AND HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SEPARATION AGREEMENT.

TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SEPARATION PAYMENT SET FORTH ABOVE, YOU FREELY AND KNOWINGLY, WITHOUT COERCION OR DURESS, AND AFTER DUE CONSIDERATION, ENTER INTO THIS EMPLOYMENT SEPARATION

AGREEMENT AND RELEASES, INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS YOU HAVE OR MIGHT HAVE AGAINST TURING.

YOU ACKNOWLEDGE THAT YOU HAVE READ THIS SEPARATION AGREEMENT AND RELEASE, FULLY UNDERSTAND IT AND ARE VOLUNTARILY ENTERING INTO IT.

Turing Pharmaceuticals, LLC Representative (Print): _AKEEL MIYANI_

Turing Pharmaceuticals, LLC Representative Signature: _[signature]_

Accepted and Agreed to on this on this date: _[signature]_
Edward Painter
Date: 10/10/17

9