UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
EDWARD PAINTER

                             Plaintiff,

            -against-                              Index No.: 1:17-cv-07558

TURING PHARMACEUTICALS, LLC a/k/a VYERA
PHARMACEUTICALS, LLC, and MARTIN SHKRELI

                              Defendant(s),
-------------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, OR IN THE ALTERNATIVE GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT**


| | |
|---|---|
| Deborah N. Misir | John A. Wait/Alexandra L. Sobol |
| Lally & Misir, LLP | Fox Rothschild, LLP |
| 220 Old Country Rd. | 100 Park Avenue, 15th Floor |
| Mineola, NY 11501 | New York, NY 10017 |
| (516) 741-2666 | (212) 878-7900 |
| *Attorney for the Plaintiff,* | *Attorneys for Defendants* |
| *Edward Painter* | *Turing Pharmaceuticals &* |
| | *Martin Shkreli* |

December 2, 2019

## INTRODUCTION

Plaintiff, Edward Painter respectfully submits this memorandum of law in support of Plaintiff's Motion to Dismiss Defendants' Counterclaim for breach of contract of Employment Separation Agreement and Releases.  The Counterclaim should be dismissed for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure (FRCP) Rule 12(b)(6) because it because it is based upon merely conclusory statements, and contrary to this Court's prior determination that the Plaintiff's investment claims are not related to his prior employment status with the Defendants.

In the alternative, if the Court determines that the Counterclaim should proceed, the Plaintiff respectfully requests leave to reinstate his employment claims against the Defendants in a second Amended Complaint under FRCP Rule 15, in the interests of justice.

## STATEMENT OF RELEVANT FACTS

Edward Painter, was both an investor into the Defendants' companies, as well as an employee of the Defendants. After leaving Turing, the Plaintiff and Defendants settled <u>only</u> his employment claims for the sum of one hundred thousand dollars ($100,000.00) through an agreement entitled, "Employment Separation Agreement and Releases."  Mr. Painter's counsel in the instant action did not represent him in the Employment Separation Agreement.

Plaintiff initially filed in his original Complaint, claims related to his employment, as well as his investments against the Defendants.  Defendants moved to dismiss, based in part upon the terms of the Employment Separation Agreement, and Plaintiff withdrew all of his claims premised on the breach of his employment contract, but still sought relief for the remainder of his claims involving his investments into the Defendants' companies.  (<u>See</u> Mem. & Order D.E. 43, at 3)

The Plaintiff then alleged in an Amended Complaint that Defendants Martin Shkreli and Turing Pharmaceuticals committed securities fraud, breach of contract, breach of implied covenant of good faith and fair dealing, state law fraud and misrepresentation and state-law negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and violation of the Racketeer Influenced and Corrupt Organizations (RICO) act when: (1) Defendants failed to pay Mr. Painter, agreed upon commissions due from sales of the drug Benznidazol, after he helped the Defendants acquire rights to the drugs ("the Savant Deal"); (2) Defendants induced Mr. Painter into investing $150,000 of his personal family funds into Turing, but refused to give him the Turing securities due; and (3) Defendants further induced Mr. Painter into investing an additional $125,000 into another company KaloBios, on the pretense that it would be merged with Turing, instead engaged in a "Pump and Dump" scheme, and filed for bankruptcy, wiping out Plaintiff's investment without any return or compensation. (See Mem. & Order D.E. 43, at 3-5)

Despite the removal of all claims arising from the employment relationship, Defendants again sought to dismiss the Amended Complaint, in part, on the basis that Plaintiff's claims were barred by the Employment Separation Agreement, and the arbitration terms of Plaintiff's Employment Agreement. See (Defs.' Mot. To Dismiss Am. Compl., D.E. 39).

After oral argument, and upon due consideration, the Court granted the Defendants' motion, in part, with respect to Plaintiff's RICO claims, but otherwise denied Defendants' Motion to Dismiss. Relevant here, the Court specifically found that neither the Employment Separation Agreement, nor the arbitration terms of the Employment Agreement barred Mr.

3

Painter from pursuing his claims related to the Savant Deal, Turing investment and KaloBios investments.

The Court specifically analyzed in its Opinion, "which of Painter's claims are independent from his employment and which bear 'some direct relationship.'" See (Mem. & Order D.E. 43, at 13) The Court concluded that Mr. Painter's securities fraud, fraud and misrepresentation, negligent misrepresentation, breach of contract, unjust enrichment, implied covenant of good faith claims, and breach of fiduciary duties claims were all premised on his investment relationship with Turing rather than his employment relationship, and because the Defendants could have defrauded or engaged in the harmful conduct against Painter whether or not he was also a Turing employee. See (Mem. & Order D.E. 43, at 13- 16).

The Defendants now counterclaim for breach of contract of the Employment Separation Agreement on the basis that Mr. Painter has asserted claims against them, " 'arising out of or related to [his] employment.,'" and therefore constitute a breach of the Employment See (Defs.' Answer & Countercl., D.E. 48 at 22).  Effectively, the Defendants ignore or reject this Court's conclusion that his current claims do not arise out of his prior employment relationship with Turing, but rather arise out of his investor status. See (Mem. & Order D.E. 43, at 13- 16).

## ARGUMENT

**The Court Should Dismiss Defendants' Counterclaim for Failure to State a Claim upon which Relief can be Granted under FRCP Rule 12(b)(6).**

### I.      Standard of Review

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a claim of relief may dismissed for the asserting party's failure to state a claim upon which relief can be granted. "When considering a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the issue not whether a [counterclaim] plaintiff

will ultimately prevail but whether a claimant is entitled to offer evidence to support the claims." Officemax Inc. v. Cinotti, 966 F.Supp.2d 74, 77-8 (E.D.N.Y. Apr. 29, 2013); Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001); quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (internal quotation marks omitted). "As such, this Court accepts all factual allegations in the [counterclaim] and draws all reasonable inferences in the [counterclaim] plaintiff's favor. Id. at 78; ATSI Commc'n, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 96 (2d Cir. 2007) (internal quotation marks omitted).

"To survive a motion to dismiss, a [counterclaim, like a] complaint[,] must plead enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008); quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "According to the Second Circuit, when applying this plausibility standard, courts are guided by two working principles." Officemax Inc. v. Cinotti, 966 F.Supp.2d 74, 78 (E.D.N.Y. Apr. 29, 2013); Harris v. Mills, 572 F.2d 66, 72 (2d Cir. 2009); quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The principles are as follows:

> "First, although 'a court must accept as true all of the allegations contained in a [counterclaim] complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id.; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "'Second, only a [counterclaim] complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a [counterclaim] complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.; Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

"A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010); Iqbal, 556 U.S. at 679. "[A]lthough a court must accept as true all of the

5

allegations contained in a complaint, that tenet is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Iqbal, 556 U.S. at 678 (2009); Twombly, 550 U.S. at 555 (internal quotation marks omitted).

> II. **The Court Should Dismiss the Defendants' Counterclaim because it is based upon Mere Conclusory Statements, and Contrary to this Court's Prior Determination that the Claims are not Related to his Employment Status. In the Alternative, if the Court Permits the Counterclaim to Proceed, the Plaintiff Should be Granted Leave to Reinstate his Employment Claims against the Defendants in a Second Amended Complaint under FRCP Rule 15.**

Defendants' appear to counterclaim for breach of contract of the Employment Separation Agreement on the basis that: (1) Plaintiff's original complaint sought relief from claims arising from his employment with the Defendants. See (Defs.' Answer & Countercl., D.E. 48 at 21); and (2) "Despite representing that his allegations were amended to eliminate all of his employment-related claims, Painter's Amended Complaint still contains allegations and causes of action arising from, and relating to, his employment at Vyera." Id.

First, Defendants point to Plaintiff's original complaint as a cause of the breach of the employment and separation agreements. However, "[i]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect." In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000); Shields v. CityTrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994); International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977). As such, Defendants' cannot recover for breach of contract against a complaint that, legally speaking, no longer carries any legal effect.

This leaves Defendants alleging a breach of contract of the Employment Separation Agreement based upon Plaintiff's Amended Complaint. However, as this Court found, Plaintiff amended his complaint to remove any cause of action arising out of his employment with

6

Defendant.  "In accordance with the Court's order, Painter's amended complaint does not state any causes of action premised on the breach of his employment contract." (Mem. & Order D.E. 43, at 3).  Indeed, the Defendants can point to no specific language in the Amended Complaint that states a cause of action related to Plaintiff's employment.  The language of the Counterclaim is exactly the type of threadbare, legal conclusion without factual support that renders a claim susceptible to dismissal under this Court's precedent.  See Harris, 572 F.3d at 72;  Iqbal, 556 U.S. at 678 (2009); Twombly, 550 U.S. at 555 .

Defendants first raised this issue during the first motion to dismiss phase, as a reason to dismiss Plaintiff's original complaint. Plaintiff responded by filing an opposition to Defendants' motion, and requesting leave to file an Amended Complaint that would not present "employment" claims in violation of the alleged employment and separation agreement. The Court granted leave to the Plaintiff to do so.

Defendants' subsequent Motion to Dismiss was fully briefed, and the Court issued its Memorandum & Order on September 27, 2019.   The Court determined that all of Plaintiff's claims are based on an investor/investee relationship, not an employee/employer relationship. . See (Mem. & Order D.E. 43, at 13- 16).

With regards to Plaintiff's three (3) claims for securities fraud, The Court concluded that the securities fraud claims "relate to" an investor/investee relationship as opposed to an employee/employer because, "the defendant could have engaged in the same conduct even in the absence of any contractual or employment relationship with the plaintiff." See (Mem. & Order D.E. 43, at 13- 16 (citing United States ex rel. Welch v. My Left Foot Children's Therapy, LLC, 871 F.3d 791, 798 (9th Cir. 2017)).

The Court further found that Plaintiff's claims for fraud, misrepresentation, and negligent

7

misrepresentation are subject to the same reasoning as the securities fraud claims. That is, the misrepresentations Plaintiff alleges to be the cause for his investment, are premised on a business deal between Plaintiff and Defendants. The Court determined that, "none of Painter's claims sounding in fraud and misrepresentation are barred by either of his agreements with the Defendants." See (Mem. & Order D.E. 43, at 13- 16).

Plaintiff's five (5) causes of action for breach of contract are not "employment" claims. The Court, citing to Welch, found that "the defendant[s] could have engaged in the same conduct even in the absence of any … employment relationship with plaintiff." Welch, 871 F.3d 791, 799 (9th Cir. 2017).

Lastly, the Court addressed Plaintiff's claims for a breach of fiduciary duties owed to him by Defendants, finding that the fiduciary duties breached are those an investor owes to an investee, rather than those of an employer to an employee. See (Mem. & Order D.E. 43, at 13- 16).

The Court is not required to accept the Defendants threadbare, and incorrect legal conclusions as fact in determining this motion to dismiss under FRCP Rule 12(b)(6), particularly when they contradict the Court's own prior determinations and the plain language of the Amended Complaint. See e.g. Harris, 572 F.3d at 72 (2d Cir. 2009); Iqbal, 556 U.S. at 678 (2009); Twombly, 550 U.S. at 555. Accordingly, the Court should dismiss the Counterclaim for failure to state a claim upon which relief can be granted.

In the alternative, it the Court determines that the Counterclaim should proceed, we respectfully request leave under FRCP Rule 15, to file a Second Amended Complaint reinstating the employment claims that were previously withdrawn on the basis of the Employment Separation Agreement.

"[A] party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.Civ.P. Rule 15. "Leave to amend complaint should be freely given in absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1964).

We respectfully submit that the Plaintiff previously withdrew the employment related causes of action upon the Defendants' protestations that such claims were precluded by the Employment Separation Agreement, and in an effort to conserve the Court and the Parties time and resources. If the Defendants wish to now re-open the employment aspect of the Parties' disputes, justice would require that Mr. Painter be allowed to also press his employment claims.

## **CONCLUSION**

We respectfully request that the Court dismiss Defendants' Counterclaim for breach of contract, under FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, permit the Plaintiff to file a second Amended Complaint reinstating his employment causes of action.

Respectfully Submitted,

_/s_____
Deborah N. Misir
Lally & Misir, LLP
*Attorneys for Plaintiff*
220 Old Country Rd.
Mineola, NY, 11501

To:
John A. Wait
Fox Rothschild, LLP
*Attorneys for Defendants*
101 Park Avenue, 17th Floor
New York, NY 10178