**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EDWARD PAINTER,

                Plaintiff,

v.

TURING PHARMACEUTICALS, LLC a/k/a
VYERA PHARMACEUTICALS, LLC and
MARTIN SHKRELI,

                Defendants.

Case No. 1:17-cv-07558 (CBA) (LB)


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM**


**FOX ROTHSCHILD LLP**

101 Park Avenue
17th Floor
New York, New York 10178
(212)-878-7900

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

STANDARD OF REVIEW ................................................................................................... 3

ARGUMENT ........................................................................................................................ 3

I.     Defendant Has Stated A Plausible Breach of Contract Claim Against Painter. ................ 3

II.    Defendant Is Entitled to Recover Its Attorney's Fees and Costs in Defending Against Painter's Employment-Related Claims. ............................................................................ 5

III.   The Fact That the Amended Complaint Supersedes Painter's Filing of the Original Complaint is Irrelevant To Defendant's Counterclaim. ................................................... 6

IV.   The Court Should Disregard Painter's Improper Factual Arguments Concerning The Purported "Nonexistent" Amount of Damages Sustained By Defendant And The Alleged "Unethical" Conduct of Defendant's Counsel. .................................................. 7

CONCLUSION ..................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amron v. Morgan Stanley Inv. Advisors, Inc.,
   464 F.3d 338 (2d. Cir. 2006)........................................................................................3

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)..................................................................................................4

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)..................................................................................................4

Friedl v. City of New York,
   210 F.3d 79 (2d Cir. 2000)........................................................................................7

Gallagher's NYC Steakhouse Franchising, Inc. v. N.Y. Steakhouse of Tampa,
   Inc.,
   No. 11 Civ. 1456, 2011 WL 6935295 (S.D.N.Y. Dec. 29, 2011)............................5

Ganino v. Citizens Utilities Co.,
   228 F.3d 154 (2d Cir. 2000)......................................................................................3

Harris v. Mills,
   572 F.3d 66 (2d Cir. 2009)........................................................................................7

International Business Machines Corporation v. Simon,
   376 F.Supp.3d 292 (S.D.N.Y. 2019).........................................................................6

Marks v. New York Univ.,
   61 F.Supp.2d 81 (S.D.N.Y. 1999) ............................................................................4

Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,
   418 F.3d 168 (2d Cir. 2005)....................................................................................5, 6

NSI Int'l, Inc. v. Mustafa,
   2014 WL 12539347 (E.D.N.Y. Feb. 25, 2014)........................................................6

Oscar Gruss & Son, Inc. v. Hollander,
   337 F.3d 186 (2d Cir. 2003)......................................................................................5

Phillips v. Girdich,
   408 F.3d 124 (2d. Cir. 2005)......................................................................................3

**Other Authorities**

Minnesota Law School, <u>Richard W. Painter</u>,
  https://www.law.umn.edu/profiles/richard-w-painter (last visited Feb. 11,
  2020) ............................................................................................................................8

Defendant/Counterclaim Plaintiff Vyera Pharmaceuticals, LLC (f/k/a Turing Pharmaceuticals, LLC) ("Vyera" or "Defendant") submits this Memorandum of Law in opposition to Plaintiff Edward Painter ("Painter")'s Motion to Dismiss Defendant's Counterclaim for Breach of the Separation Agreement ("Motion").

## PRELIMINARY STATEMENT

Vyera's counterclaim for breach of the Separation Agreement states a detailed, plausible claim for relief. Namely, as set forth in the counterclaim, following the termination of Painter's employment at Vyera, Painter and Vyera entered into a Separation Agreement. Under the Separation Agreement, Painter released all claims against Vyera arising from, or in any way related to, Painter's employment and received substantial consideration from Vyera in exchange for such release, including, among other things, a payment of $100,000.00 and a reciprocal release from Vyera for employment-related claims. As part of this release, Painter specifically agreed that he would not file any lawsuit related to his employment at Vyera, the terms and conditions of his employment, the termination of his employment, or any other waived claim. He further agreed that if such a suit was filed, he would reimburse Vyera for the attorney's fees and costs expended in defending against the action.

Despite the clear, unequivocal language in the Separation Agreement, Painter filed the Original Complaint on December 28, 2017 against Vyera and its co-defendant, Martin Shkreli ("Shkreli") (collectively, "Defendants"), asserting claims arising from, and relating to, his employment at Vyera. This fact is indisputable – in fact, in his Original Complaint, he admitted to doing just that. See Original Complaint at ¶ 1 (seeking to "redress violation of the terms, conditions and privileges of employment of Plaintiff by the Defendants"). Count II of the Original Complaint asserted a breach of contract claim, and Count III asserted a breach of the implied covenant of good faith and fair dealing claim. Both claims contained allegations concerning his

1

employment at Vyera.  See Original Complaint, Causes of Action Nos. 2 and 3 (¶¶ 48-65). In its September 26, 2019 decision on Defendants' Motion to Dismiss, the Court acknowledged that Painter originally filed employment-related claims. See Decision at 3 ("And although Painter withdrew his breach of contract and breach of implied covenant claims *based on his employment agreement*…") (emphasis added).

Shortly after Painter filed the Original Complaint, Vyera, through counsel, sent numerous letters to Painter's counsel demanding that he withdraw the action or immediately reimburse Vyera the $100,000 settlement payment. See Exhibit A (January 8, 2018, January 26, 2018 and February 8, 2018 letters to Painter).  Painter ignored these letters.  It was not until Vyera incurred additional, unnecessary fees filing its Motion to Dismiss the Original Complaint that Painter agreed to "voluntarily withdraw" his employment-related claims.[1] There is no question that these claims were precisely the types of claims Painter released when he signed his Separation Agreement with Vyera.

Just because Painter decided to voluntarily withdraw certain claims *after* Defendants alerted the Court to the fact that such claims should never have been filed in the first place does *not* excuse him from liability under the Separation Agreement.  Nor does the fact that the Amended Complaint is now the operative pleading at issue in the case carry any weight. The fact is that Vyera was forced to incur legal fees and costs in defending against Painter's employment-related

---

[1] In accordance with the Court's individual rules, Vyera was required to file a pre-motion conference letter outlining the grounds in support of its motion to dismiss Painter's complaint.  See Docket No. 9.  Painter failed to file a response to the pre-motion letter in a timely fashion. At the pre-motion conference held on May 8, 2018, Painter's counsel arrived an hour late and did not respond to Vyera's motion to dismiss on the merits but instead raised an alleged conflict of interest based on Fox Rothschild LLP's representation of both Vyera and Shkreli. Thus, in addition to having to defend against the employment-related claims, Vyera also had to expend legal fees opposing Painter's baseless motion seeking to disqualify Fox Rothschild LLP as counsel for Defendants. See Docket Nos. 19-22.  On July 19, 2018, after the parties fully briefed the motion and appeared for oral argument, Magistrate Judge Bloom denied Painter's motion.

claims. Accordingly, as set forth herein, Defendants have stated a plausible breach of contract claim against Painter and, therefore, his motion to dismiss the counterclaim with respect to the filing of the Original Complaint should be denied.[2]

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[] all factual allegations in the [counterclaim] as true and draw[] all reasonable inferences in the [counterclaimant]'s favor." Ganino v. Citizens Utilities Co., 228 F.3d 154, 161 (2d Cir. 2000). It is well established in the Second Circuit that, "[a]ll complaints must be read liberally" and that Courts should "draw a reasonable inference of liability when the facts alleged are suggestive of, rather than merely consistent with, a finding of misconduct." Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 343 (2d. Cir. 2006). Indeed, "dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under *any* available legal theory." Id. at 343 (citing Phillips v. Girdich, 408 F.3d 124, 128 (2d. Cir. 2005)) (emphasis added). As set forth herein, Vyera has articulated a plausible breach of contract claim against Painter and as such, the Court should deny his Motion.

## ARGUMENT

### I.    Defendant Has Stated A Plausible Breach of Contract Claim Against Painter.

Painter contends that Defendant's counterclaim should be dismissed because it is "misleading, vague and conclusory" and fails to state a claim upon which relief can be granted

---

[2] Painter's "Statement of Facts" fails to provide a single reference to any of the allegations in the various pleading(s) filed to date.  Rather, he adds a host of new and, at times, utterly irrelevant allegations.  For example, for the first time, Painter alleges that he and Shkreli executed an agreement for the payment of $110,000.00 pertaining to KaloBios.  He then proceeds to attach the purported agreement as an exhibit to his Motion.  This "fact", along with many of the others included in his recitation of events, has nothing to do with Defendant's counterclaim for breach of the Separation Agreement and should therefore be disregarded by this Court.

under Fed. R. Civ. P. 12(b)(6) and the standards articulated in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  <u>See</u> Motion at 9.  The Supreme Court made clear in <u>Iqbal</u> that there is a presumption of an entitlement to relief if a complaint (or, in this case, counterclaim) contains facial plausibility and the plaintiff (or counterclaim plaintiff) has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 664, 678. The pleading standard requires that the party state "enough facts to state a claim to relief that is plausible on its face. . ." <u>Twombly</u>, 550 U.S at 556.  Where, as here, a party has "nudged" its claim "across the line from conceivable to plausible," a motion to dismiss should be denied. <u>Id.</u> at 570.

Contrary to Painter's assertion, Vyera has more than satisfied its burden of stating a viable cause of action against Painter in the instant case.  The elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) non-performance by the other party; and (4) damages attributable to the breach. <u>See</u> <u>Marks v. New York Univ.</u>, 61 F.Supp.2d 81, 88 (S.D.N.Y. 1999).  Vyera has sufficiently alleged each of these elements.  Namely, in its counterclaim, Vyera alleged that Painter was employed by Vyera as a Director of Investor Relations under an Employment Contract dated June 6, 2015.  <u>See</u> Defendants' Answer, Affirmative Defenses, and Counterclaim ("Counterclaim") at ¶ 159.  Following the termination of his employment, Painter and Vyera entered into a Separation Agreement dated October 10, 2017. <u>Id.</u> at ¶ 160.  Under the Separation Agreement, Painter released all claims against Vyera arising from, or in any way related to, Painter's employment and received substantial consideration from Vyera in exchange for such release, including, among other things, a payment of $100,000.00 and a reciprocal release from Vyera for employment-related claims. <u>Id.</u> at ¶ 170-71.  Painter further agreed that if such a suit is filed, "it shall be dismissed with prejudice upon presentation of this

Separation Agreement and [he] shall reimburse [Vyera] for the costs, including attorney's fees and costs, of defending any such action." <u>Id.</u> at ¶ 172.  Despite the clear, unequivocal language in the Separation Agreement, on December 28, 2017, Painter breached the Separation Agreement by filing the Original Complaint against Defendants that contained allegations arising from, and relating to, his employment. <u>Id.</u> at ¶ 173-76.  As a result of this breach, Vyera is entitled to the fees and costs it has expended to defend against the filing of the Original Complaint.  <u>See</u> Counterclaim at ¶ 187-88.

Vyera has sufficiently pled its breach of contract claim.  Accordingly, the Court should deny Painter's Motion, as his argument that the Counterclaim contains insufficient, conclusory allegations is meritless.

## II. Defendant Is Entitled to Recover Its Attorney's Fees and Costs in Defending Against Painter's Employment-Related Claims.

Under New York law, a contractual provision requiring a breaching party to pay the attorney's fees and costs of the other party is enforceable if it is "unmistakably clear from the language of the contract." <u>See</u> <u>Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.</u>, 418 F.3d 168, 177 (2d Cir. 2005) (citing <u>Oscar Gruss & Son, Inc. v. Hollander</u>, 337 F.3d 186, 199 (2d Cir. 2003) (internal quotations omitted)); <u>Gallagher's NYC Steakhouse Franchising, Inc. v. N.Y. Steakhouse of Tampa, Inc.</u>, No. 11 Civ. 1456, 2011 WL 6935295, at *4 (S.D.N.Y. Dec. 29, 2011). Here, Section 5, Subsection (a) of the Separation Agreement provides, in relevant part:

> You agree . . . that you will not bring or join any lawsuit or proceeding in any court against [Vyera] relating to your employment, the terms and conditions of employment, the termination of employment or any claim or potential claim waived by this Separation Agreement. . . in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Separation Agreement and ***you shall reimburse [Vyera] for the costs, including attorneys' fees and costs, of defending any such action.***

5

See Exhibit B (Separation Agreement) at 4 (emphasis added).

This language is "unmistakably clear." See Mid-Hudson Catskill Rural Migrant Ministry, 418 F.3d at 177.  Indeed, courts in this Circuit have awarded attorney's fees to a non-breaching party in situations where, as here, the other party breaches the express language of the agreement by improperly commencing an action involving the subject of the release. See, e.g., NSI Int'l, Inc. v. Mustafa, 2014 WL 12539347, at *13 (E.D.N.Y. Feb. 25, 2014) (awarding damages to non-breaching party and noting that "such result is a reasonably foreseeable legal consequence of a clear breach of the express terms of the Settlement Agreement"); International Business Machines Corporation v. Simon, 376 F.Supp.3d 292, 303 (S.D.N.Y. 2019) (holding that party was entitled to recover damages under the parties' settlement agreement for expenses incurred in connection with defense of the action).  As such, in accordance with the unequivocal language of the Separation Agreement, Defendant is entitled to its attorney's fees and costs in defending itself against Painter's employment-related claims.

III.    **The Fact That the Amended Complaint Supersedes Painter's Filing of the Original Complaint is Irrelevant To Defendant's Counterclaim.**

Painter further contends that because the Amended Complaint supersedes the filing of the Original Complaint, the Original Complaint no longer has any legal effect and, therefore, Defendant cannot recover under the Separation Agreement's express release.  See Motion at 14-15.  Not surprisingly, Painter fails to cite to a single case supporting this proposition because such an argument is nonsensical and would render release provisions in settlement agreements useless. The act of commencing a legal action, like the Original Complaint, which contained employment-related causes of action explicitly barred under the Separation Agreement, is sufficient enough to trigger the attorney's fee provision in the Separation Agreement.  The fact that Painter decided to

file an amended pleading removing these claims ***months after*** being reminded of the release is of no moment in considering whether Defendant has stated a viable counterclaim for breach of the Separation Agreement.   Stated differently, even though the employment-related claims are no longer "live", they were at one point, thereby requiring Defendant to needlessly respond to them. As such, the Court should disregard this argument.

**IV.     The Court Should Disregard Painter's Improper Factual Arguments Concerning The Purported "Nonexistent" Amount of Damages Sustained By Defendant And The Alleged "Unethical" Conduct of Defendant's Counsel.**

Painter contends that Defendant's claim for attorney's fees and costs for defending against the Original Complaint's employment-related claims are "nonexistent or de minimus" and should be disregarded by this Court. See Motion at 15.  He further argues that the Court should decline to award Defendant damages or attorney's fees because of the alleged "unethical" conduct by Defendant's counsel with respect to the negotiation of the Separation Agreement.   See id. at 16. Both of these arguments are irrelevant, purely factual, and therefore patently improper for the Court to consider on a motion to dismiss.   Indeed, in evaluating a motion to dismiss, the Court is only to "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009); Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) (vacating district court grant of motion to dismiss because court relied upon factual contention in declaration submitted by party).

In the event that the Court does consider the latter argument on this Motion, Vyera respectfully refers the Court to the Declaration of Attorney Scott L. Vernick, which was filed as part of Defendants' Reply in Further Support of Their Motion to Dismiss Painter's Original Complaint.   See D.E. 37. As set forth therein and contrary to Painter's assertion in this Motion,

Painter consulted with a lawyer during the negotiations of his Separation Agreement, just not the lawyers representing him in the instant action (Ms. Miser and Mr. Lally). In fact, Painter consulted with his brother, Richard Painter, Esq. Richard Painter is a graduate of Yale law school who served as a chief White House ethics lawyer in the Bush administration from 2005 to 2007, and presently he is a corporate law professor at the University of Minnesota and co-author of a casebook on securities litigation and enforcement.[3]

It was Richard Painter (not Painter's current counsel) who advised Painter about the terms of the Separation Agreement. <u>See</u> D.E. 37 (Vernick Declaration at Exhibit A (email evidencing that Richard Painter was copied on correspondence directed to the Separation Agreement)). Further, demand letters from Mr. Lally, Painter's current counsel, are from May 2016 and September 2016. Painter negotiated and executed the Separation Agreement in October 2017. As such, Mr. Lally's absence in the fall of 2017 is entirely unremarkable given the participation of Richard Painter and the lapse of time after Mr. Lally sent the demand letters. Accordingly, Painter's baseless contention that Defendant's counsel acted unethically is false and should not even be considered on this Motion.

---

[3] <u>See</u> University of Minnesota Law School, <u>Richard W. Painter</u>, https://www.law.umn.edu/profiles/richard-w-painter (last visited Feb. 11, 2020).

## CONCLUSION

For the foregoing reasons, the Court should deny Painter's Motion to Dismiss Defendant's Counterclaim.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ John A. Wait
John A. Wait, Esq.
Alexandra L. Sobol, Esq.
101 Park Avenue, 17th Floor
New York, NY 10178
(212)-878-7900
JWait@foxrothschild.com
ASobol@foxrothschild.com

*Attorneys for Defendants*